*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   December 11, 2014                D-93-14
_____

In the Matter of CHRISTOPHER A.
    BURNS, an Attorney.

COMMITTEE ON PROFESSIONAL                    MEMORANDUM AND ORDER
    STANDARDS,
                    Petitioner;

CHRISTOPHER A. BURNS,
                    Respondent.

(Attorney Registration No. 2969103)
_____

Calendar Date:   November 17, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

_____

        Monica A. Duffy, Committee on Professional Standards,
Albany (Jevon L. Garrett of counsel), for petitioner.

        Christopher A. Burns, Kingston, respondent pro se.

_____

Per Curiam.

        Respondent was admitted to practice by this Court in 1999.
He maintains an office for the practice of law in the City of
Kingston, Ulster County.

        By petition containing six charges, petitioner commenced
this disciplinary proceeding against respondent charging him with
collecting an impermissible nonrefundable fee (see Rules of
Professional Conduct [22 NYCRR 1200.0] rule 1.5 [d] [4]), failing
to promptly refund the unearned portion of his retainer fee upon
discharge by the client (see Rules of Professional Conduct [22
NYCRR 1200.0] rules 1.15 [c] [4]; 1.16 [e]), engaging in conduct

that is prejudicial to the administration of justice (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]) and failing to maintain required bookkeeping records (Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.15 [d] [1] [i]; [d] [2]). Respondent admitted the allegations, which chiefly concerned charges that he failed to take action to promptly refund the unearned portion of a client's retainer fee following his discharge, even after being put on notice by petitioner regarding the deficiencies with his retainer agreement. We have since granted petitioner's motion for an order declaring that the pleadings raise no factual issues (see Rules of App Div, 3d Dept [22 NYCRR] § 806.5).

Now, with respondent having offered no submissions in mitigation, we find him guilty of professional misconduct as charged in the petition and as admitted by respondent. We conclude that, under the circumstances presented, and noting respondent's otherwise unblemished disciplinary record, censure is an appropriate disciplinary sanction for respondent's professional misconduct.

Furthermore, under the particular circumstances herein, we direct that respondent provide petitioner with three reports by a certified public accountant confirming that he is maintaining required bookkeeping records of client financial transactions in accordance with the applicable provisions of the Rules of Professional Conduct (see 22 NYCRR 1200.0). These reports shall be due within 30 days of the date of this decision, within 30 days of June 11, 2015 and within 30 days of December 11, 2015. Any failure to meet this requirement shall be reported by petitioner to this Court. Additionally, we direct that, within one calendar year of the entry of this decision, respondent submit documentation to petitioner that he has completed four credit hours of accredited continuing legal education (hereinafter CLE) in ethics and professionalism and four credit hours of CLE in law practice management, all in addition to the CLE required of all attorneys in this state (see 22 NYCRR part 1500).

Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ., concur.

ORDERED that respondent is found guilty of the professional misconduct charged and specified in the petition of charges; and it is further

ORDERED that respondent is censured.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court