*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 9, 2015          D-21-15
_____

In the Matter of BIBI B.
    MUSAFIRI, an Attorney.

COMMITTEE ON PROFESSIONAL                 MEMORANDUM AND ORDER
    STANDARDS,
                    Petitioner;

BIBI B. MUSAFIRI,
                    Respondent.

(Attorney Registration No. 4400867)
_____


Calendar Date:  January 8, 2015

Before:  McCarthy, J.P., Egan Jr., Rose and Lynch, JJ.

                    _____


        Monica A. Duffy, Committee on Professional Standards,
Albany (Michael K. Creaser of counsel), for petitioner.

        O'Connell and Aronowitz, Albany (David E. Nardolillo of
counsel), for respondent.

                    _____


Per Curiam.

        Respondent was admitted to practice by this Court in 2006
and resides in Virginia.

        By petition containing six charges of professional
misconduct with specifications, petitioner commenced this
disciplinary proceeding against respondent charging her with,
among other things, neglecting and failing to communicate with a
client in Virginia who had retained respondent to represent her
in an immigration matter and failing to cooperate with petitioner

in its investigation of that client's complaint. Following respondent's unsuccessful motion seeking an order disqualifying petitioner or, alternatively, dismissing all of the charges in the petition, petitioner's cross motion for appointment of a referee to hear the matter was granted by this Court. When respondent failed to appear at the subsequently scheduled hearing – despite being provided with adequate notice thereof – it was held in her absence. Subsequently, although the Referee agreed to provide respondent with an opportunity to move to reopen, she did not appear, despite being granted an adjournment in order to do so. The Referee sustained the petition in its entirety and petitioner moved to confirm the Referee's report. Respondent cross-moved to vacate the Referee's findings of fact and for the assignment of a different referee.

This Court, in a confidential decision and order entered January 12, 2015, thereafter denied respondent's cross motion in its entirety and granted petitioner's motion to the extent that we found that a fair preponderance of the evidence supported the Referee's determination as to charges I through V of the petition. Consequently, we found respondent guilty of neglecting a client matter (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.3 [b]), failing to properly communicate with a client (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.4), improperly withdrawing from her representation of a client (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16 [e]), engaging in conduct prejudicial to the administration of justice by failing to cooperate with petitioner (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]), and engaging in misleading, deceptive and prejudicial conduct during an examination before petitioner that adversely reflects upon her fitness as a lawyer (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 8.4 [c], [d], [h]).

Now, having considered respondent's submission in mitigation, we conclude that, under the circumstances presented, the appropriate disciplinary sanction for her established professional misconduct is censure (see Matter of Burns, 123 AD3d 1284, 1285 [2014]). Furthermore, in light of concerns relative to respondent's knowledge and ethics regarding client communication and her obligation to cooperate with petitioner

(see e.g. Matter of Crockett, 120 AD3d 878, 880 [2014]), we additionally direct that, within one calendar year of the entry of this decision, respondent submit documentation to petitioner that she has completed 12 credit hours of accredited continuing legal education in ethics and professionalism.[1]

McCarthy, J.P., Egan Jr., Rose and Lynch, JJ., concur.

ORDERED that respondent is found guilty of the professional misconduct charged and specified in charges I through V of the petition of charges; and it is further

ORDERED that respondent is censured.

ENTER:

Robert D. Mayberger
Clerk of the Court

_____

[1]  We are mindful that, as an attorney practicing out of state, respondent appears to presently be exempt from the continuing legal education courses otherwise required of all attorneys in this state (see 22 NYCRR 1500.5 [b] [1]; 1500.22 [a], [n]).