■ In the Matter of EOIN N. McDONAGH, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [10 NYS3d 363]—

Per Curiam. Respondent was admitted to practice by this Court in 2011. He maintains an office for the practice of law in the City of Albany.

By petition of charges dated July 23, 2014, petitioner charged respondent with, among other things, breaching his fiduciary duty to clients, knowingly utilizing client funds for his personal purposes and failing to safeguard and properly monitor funds in his attorney escrow account and a bank account established for the benefit of an incapacitated person for whom he was the approved guardian and representative payee. The petition specifies that respondent allowed his wife, who was also his law office bookkeeper, to have access to his attorney escrow account and guardian account and she thereafter illicitly transferred funds from the above-referenced bank accounts into a personal bank account. Respondent, who repaid all improperly transferred funds and cooperated in the police investigation into his wife's actions, admitted most of the allegations in the petition except those charging him with knowingly utilizing funds from the client accounts for his own benefit.

Following a hearing, the Referee filed a report finding that respondent engaged in professional misconduct by violating the rules prohibiting commingling and misappropriating client funds and engaging in conduct that adversely reflects on his fitness as a lawyer, but found him not guilty of engaging in knowingly dishonest conduct or conduct prejudicial to the administration of justice. By confidential decision and order

entered April 27, 2015, this Court upheld the Referee's findings and denied in part and granted in part the parties' cross motions accordingly. We therefore found respondent guilty of violating Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (a) and 8.4 (h), and not guilty of the remaining allegations in the petition.

We have now considered respondent's submission in mitigation from colleagues attesting to respondent's good character, his previously unblemished disciplinary record, and the lack of any demonstrated actual injury to respondent's clients. Given all these circumstances, we conclude that censure is an appropriate disciplinary sanction for respondent's professional misconduct (*see Matter of Musafiri*, 127 AD3d 1405 [2015]; *Matter of Burns*, 123 AD3d 1284 [2014]).

Furthermore, under the particular circumstances herein, we direct that respondent provide petitioner with semiannual reports by a certified public accountant confirming that he is maintaining his escrow accounts and preserving client funds in accordance with Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15. The first such semiannual report shall be due within 30 days of the date of this decision, and the reporting requirement shall continue until further order of this Court. Any failure to meet this condition shall be reported by petitioner to this Court. After the expiration of two years following the date of this Court's decision, respondent may apply to this Court for termination of the reporting requirement. Any such application shall be supported by proof that respondent complied with the condition and shall be served upon petitioner, which may be heard thereon.

Additionally, we direct that, within one calendar year of the date of this decision, respondent submit documentation to petitioner that he has completed four credit hours of accredited continuing legal education (hereinafter CLE) in ethics and professionalism and eight credit hours of CLE in law practice management, all in addition to the CLE required of all attorneys in this state (*see* Rules of App Divs [22 NYCRR] part 1500).

Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ., concur. Ordered that respondent is censured; and it is further ordered that respondent is directed to comply with all terms and conditions set forth in this Court's decision.