Per Curiam.
Respondent was admitted to practice by this Court in 1977. He maintains an office for the practice of law in the City of Amsterdam, Montgomery County. By petition dated May 19, 2016, petitioner set forth a single charge of professional misconduct alleging that respondent’s representation of a matrimonial client violated, among other things, several of the Rules of Professional Conduct. The petition alleges, among other things, that respondent — while representing the husband in a divorce action — improperly endorsed a check and distributed marital property to his client in contravention of the automatic orders in place (see Uniform Rules for Trial Cts [22 NYCRR] § 202.16-a), without first obtaining court approval or notifying the client’s wife or her attorney. The petition also sets forth various deficiencies relating to respondent’s attorney escrow account.
Following respondent’s service of an answer denying the allegations, the parties agreed to proceed on a joint stipulation of facts. Petitioner thereafter moved for, among other things, an order declaring that no factual issues were raised by the pleadings. In January 2017, this Court issued a confidential order *1245 finding, based on the pleadings and the parties’ stipulation, violations of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.7 (a) (1); 1.15 (b) (1); (c) (1) and (4); 3.4 (a); 8.4 (b), (d) and (h) and Judiciary Law § 497.
We have now heard from respondent in mitigation and considered his submissions from colleagues and clients attesting to his good character and the lack of any demonstrated actual injury to any clients. We have also heard from petitioner and note that respondent’s misconduct is aggravated by a significant private disciplinary history that includes six prior findings of misconduct resulting in four letters of caution and two letters of admonition (see Rules of App Div, 3d Dept [22 NYCRR] former § 806.4 [c] [1] [ii], [iii]). Upon our review of all the circumstances, we conclude that censure is an appropriate disciplinary sanction for respondent’s professional misconduct (see Matter of McDonagh, 129 AD3d 1199, 1200 [2015]; Matter of Burns, 123 AD3d 1284 [2014]).
Furthermore, under the particular circumstances herein, we direct that respondent provide petitioner with semiannual reports by a certified public accountant confirming that he is maintaining his escrow accounts in accordance with Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15. The first such semiannual report shall be due within 30 days of the date of this decision, and the reporting requirement shall continue until further order of this Court. Any failure to meet this condition shall be reported by petitioner to this Court. After the expiration of two years following the date of this Court’s decision, respondent may apply to this Court for termination of the reporting requirement. Any such application shall be supported by proof that respondent has complied with the condition and shall be served upon petitioner, which may be heard in response thereto.
Finally, we direct that, within one calendar year of the date of this decision, respondent submit documentation to petitioner that he has completed six credit hours of accredited continuing legal education in ethics and professionalism, all in addition to the continuing legal education required of all attorneys in this state (see Rules of App Div, All Depts [22 NYCRR] part 1500).
Garry, J.P., Egan Jr., Rose, Devine and Mulvey, JJ., concur.
Ordered that respondent is censured; and it is further ordered that respondent is directed to comply with all terms and conditions set forth in this Court’s decision.