■ In the Matter of STEPHEN L. ROCKMACHER, an Attorney. ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DE-

PARTMENT, Petitioner; STEPHEN L. ROCKMACHER, Respondent. [55 NYS3d 507]—

Per Curiam. Respondent was admitted to practice by this Court in 1991. He maintains an office for the practice of law in the City of Albany.

By petition of charges dated and verified November 5, 2014, petitioner alleged several charges of professional misconduct, with specifications, arising from respondent's representation of various clients, primarily in his immigration practice. Following joinder of issue, a Referee was appointed to hear and report on all charges and specifications not previously withdrawn. The Referee ultimately submitted a report sustaining three of the charges containing six specifications as set forth in the petition. The parties thereafter jointly moved to confirm the Referee's report and this Court, in a March 27, 2017 confidential order, confirmed the Referee's report in its entirety. Specifically, this Court concluded that a preponderance of the evidence established that respondent had neglected legal matters entrusted to him by three clients (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.3 [b]), failed to properly communicate with another client (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.4 [a] [3]) and engaged in conduct which was prejudicial to the administration of justice by failing to properly appear on behalf of an immigration client (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]).

We have now heard respondent in mitigation. We have also heard from petitioner and note that respondent's misconduct is aggravated by, among other things, his previous censure by this Court involving similar charges mainly occurring at approximately the same time period (Matter of Rockmacher, 100 AD3d 1180 [2012]). Accordingly, upon consideration of all the facts and circumstances presented, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we conclude that an additional censure, with conditions, is an appropriate disciplinary sanction for respondent's professional misconduct (see Matter of Krzys, 149 AD3d 1244 [2017]; Matter of McDonagh, 129 AD3d 1199, 1200 [2015]).

Furthermore, under the particular circumstances herein, we direct that, within six months of the date of this decision, respondent submit documentation to petitioner establishing that he has completed four credit hours of accredited continuing

legal education in ethics and professionalism and four credit hours of law practice management, all in addition to the continuing legal education required of attorneys in this state (*see* Rules of App Div, All Depts [22 NYCRR] part 1500).

Garry, J.P., Lynch, Rose, Devine and Aarons, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is censured; and it is further ordered that respondent is directed to comply with all terms and conditions set forth in this Court's decision.