Matter of Mann (2018 NY Slip Op 00377)





Matter of Mann


2018 NY Slip Op 00377


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018


[*1]In the Matter of MATTHEW JOSEPH MANN, an Attorney. ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; MATTHEW JOSEPH MANN, Respondent. (Attorney Registration No. 2597060)

Calendar Date: January 10, 2018

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for petitioner.
Corrigan, McCoy & Bush PLLC, Rensselaer (Scott W. Bush of counsel), for respondent.



MEMORANDUM AND ORDER
Respondent was admitted to practice by this Court in 1994. He maintains an office for the practice of law in Albany County.
In January 2017, petitioner alleged by petition of charges that respondent had engaged in a conflict of interest and conduct prejudicial to the administration of justice in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.7 (a) (1) and 8.4 (d). According to petitioner, respondent improperly
prepared and urged the execution of a child custody agreement purporting to settle a dispute between parents and grandparents regarding the care of the parents' minor children. All of the parties to the agreement were not only respondent's friends to a greater or lesser extent, but they were also persons that respondent was contemporaneously representing as clients in separate legal matters unrelated to the custody dispute. After the grandparents commenced a proceeding in Albany County Family Court, respondent prepared the custody agreement unsolicited, without any input from the respective parties, and without giving them the opportunity to review the matter in advance of a meeting that he had arranged at his law office for the purpose of presenting the agreement. Although respondent inserted a provision into the agreement stating [*2]that he was not representing any of the parties with respect to the proposed custody arrangement, the petition of charges asserts that he, nevertheless, explained, discussed and provided legal advice at the meeting regarding the custody agreement. After the parties were persuaded to execute the agreement notwithstanding the father's initial objection, the dispute between the parties intensified and the grandparents, represented by separate counsel, did not settle the pending Family Court matter as provided in the agreement.
Complaints against respondent were thereafter filed by the parents, who asserted that respondent pressured them into executing a one-sided agreement that adversely affected their custody rights, without an adequate explanation of the risks of signing such an agreement, or providing a reasonable opportunity to seek independent counsel. Respondent served an answer denying the allegations and a Referee was appointed to hear and report. A full hearing was conducted in June 2017, at which respondent was represented by counsel. The Referee thereafter issued a report sustaining the petition of charges. Respondent's claims that he acted only as a disinterested mediator and that the parties to the agreement waived or consented to any conflict of interest were rejected (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [b]).
Petitioner now moves to confirm the Referee's report and respondent cross-moves for an order disaffirming the report and dismissing the petition of charges. Upon consideration of the facts, circumstances and record before us, and having heard the parties in support of the respective motions at oral argument, we find that the allegations in the petition of charges sustained by the Referee were established by a fair preponderance of the evidence. Accordingly, we grant petitioner's motion to confirm the Referee's report in its entirety, and deny respondent's cross motion to disaffirm.
Turning to the issue of the appropriate disciplinary sanction, we have considered respondent's submissions in mitigation from colleagues and clients attesting to his good character. We further note the lack of proof that respondent's misconduct stemmed from any venal intent. We have also heard from petitioner and observe that respondent's misconduct is aggravated by, among other things, his significant disciplinary history, which includes a two-year stayed suspension upon findings of conversion and escrow account mismanagement (Matter of Mann, 284 AD2d 719 [2001]), which was later terminated upon respondent's application (Matter of Mann, 9 AD3d 676 [2004]), and private discipline in the form of two admonitions and a letter of caution (see Rules of App Div, 3d Dept [22 NYCRR] former § 806.4 [c] [1] [i], [ii]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we find that, under the circumstances, respondent should be censured (see e.g. Matter of Rockmacher, 150 AD3d 1528 [2017]; Matter of Krzys, 149 AD3d 1244 [2017]; Matter of McDonagh, 129 AD3d 1199 [2015]; Matter of Musafiri, 127 AD3d 1405 [2015]; Matter of Burns, 123 AD3d 1284 [2014]).
Furthermore, under the particular circumstances herein, we direct that respondent, within one calendar year of the date of this decision, submit documentation to petitioner establishing that he has taken and passed the Multistate Professional Responsibility Examination within that time period and, additionally, that he has completed six credit hours of accredited continuing legal education in ethics and professionalism, all in addition to the continuing legal education required of attorneys in this state (see Rules of App Divs [22 NYCRR] part 1500).
Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that petitioner's motion to confirm the Referee's report is granted and respondent's cross motion to disaffirm the report is denied; and it is further
ORDERED that respondent's professional misconduct as set forth in the petition of charges is deemed established, and respondent is hereby determined to have violated Rules of Professional Conduct (22 NYCRR § 1200.0) rules 1.7 (a) (1) and 8.4 (d); and it is further
ORDERED that respondent is censured; and it is further
ORDERED that respondent is directed to comply with all terms and conditions set forth in this Court's decision.