Matter of D'Amico (2018 NY Slip Op 08004)





Matter of D'Amico


2018 NY Slip Op 08004


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018


[*1]In the Matter of MICHAEL LAURENCE
 D'AMICO, an Attorney. 
 
(Attorney Registration No. 2958254)



Calendar Date: September 10, 2018


Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Michael Laurence D'Amico, Buffalo, respondent pro se.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by the Fourth Judicial Department in 1999 and currently lists a business address in the City of Buffalo, Erie County with the Office of Court Administration. By April 2018 Summary Order of the Grievance Panel of the United States Court of Appeals for the Second Circuit, respondent was publicly reprimanded for his various defaults and neglect of three criminal appeals. Based on the discipline imposed by the Second Circuit, the Attorney Grievance Committee for the Seventh Judicial District applied to the Appellate Division, Fourth Department, by order to show cause supported by affirmation of counsel, to impose discipline upon respondent. Upon consideration of the application, the Fourth Department transferred the pending matter, as well as the underlying investigative file, to this Court for further proceedings and disposition. The pending matter has been denominated a motion to impose discipline pursuant to Rules for Attorney Discipline Matters (22 NYCRR) § 1240.13 and made returnable September 10, 2018.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." Here, in response to the motion, respondent does not assert any of his available defenses pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b), instead submitting an affidavit in support of his contention that similar discipline need not be imposed. In any event, we find that respondent's neglect of his client files and his various filing defaults would constitute misconduct in this state in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1 (a), 1.3 (a) and (b), and 8.4 (b) (see generally Matter of Joffe, 158 AD3d 11, 14 [*2][2018]; Matter of Bello, 112 AD3d 95, 97 [2013]; Matter of Streit, 76 AD3d 250, 256 [2010]; Matter of Arnold, 50 AD3d 1448, 1448-1449 [2008]). Accordingly, we grant the motion and turn to the inquiry of the appropriate level of discipline to be imposed (see Matter of Ezeala, 163 AD3d 1348, 1349 [2018]).
In considering the appropriate discipline, we take note of the factors identified by the Grievance Panel in determining that a public reprimand was the appropriate sanction for respondent's misconduct. Specifically, we note that, along with the prejudice suffered by his clients, some of which lost their opportunity to have their appeals heard, the legal system itself was prejudiced through the waste of court resources and time caused by respondent's defaults (see ABA Standards for Imposing Lawyer Sanctions, Heading II [Theoretical Framework]). Further, while the parties do not specifically delineate any aggravating or mitigating factors for this Court's consideration, we take note of a 2012 letter of caution from the Attorney Grievance Committee for the Eighth Judicial District, which concerned a past default in federal court resulting in a default judgment against respondent's client. In mitigation of his misconduct, we have also considered respondent's concession that he erred in his handling of the underlying matters and his remorse for his actions. Accordingly, based on the foregoing factors and our prior precedent (see Matter of Rockmacher, 150 AD3d 1528, 1529 [2017]; Matter of Tang, 21 AD3d 1210, 1211 [2005]; see also ABA Standards for Imposing Lawyer Sanctions § 4.43) we find that public censure is an appropriate sanction that will appropriately protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the motion is granted; and it is further
ORDERED that respondent is censured.