Matter of Alexandrovich (2019 NY Slip Op 05375)





Matter of Alexandrovich


2019 NY Slip Op 05375


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: July 3, 2019

[*1]In the Matter of MARINA N. ALEXANDROVICH, an Attorney. 
(Attorney Registration No. 4201836)

Calendar Date: April 15, 2019




Before: Garry, P.J., Lynch, Aarons, Rumsey and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Law Offices of Michael S. Ross, New York City (Michael S. Ross of counsel), for respondent



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2004.
She lists a business address in Arizona with the Office of Court Administration. Although respondent is not admitted to practice in Arizona, she maintains an immigration practice in that state on the strength of her New York license.
Between 2014 and 2018, disciplinary orders were separately imposed upon respondent in the form of, among other things, a reprimand, probation and an informal admonition by, respectively, the Supreme Court of Arizona, the United States Court of Appeals for the Ninth Circuit and the Executive Office for Immigration Review for sustained acts of professional misconduct in a variety of matters. Notably, in the course of these proceedings, respondent was found guilty of, among other things, engaging in conduct lacking competence and diligence, commencing frivolous litigation, neglecting the interests of a client and making misleading statements. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, by order to show cause with an adjourned date of April 15, 2019, to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (a) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon her established professional misconduct. Respondent has submitted papers in opposition and AGC has submitted a reply affidavit with leave of the Court. Inasmuch as respondent presents matters in mitigation but does not contest any of the findings of misconduct or raise any of the available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]), we grant AGC's motion (see Matter of Tan, 149 AD3d 1344, 1345 [2017]).

Turning to the issue of the appropriate disciplinary sanction, we take note of the nature of respondent's sustained misconduct in the course of her immigration practice in Arizona serving a very vulnerable clientele, which included, among other things, a sustained charge that [*2]she failed to act with reasonable diligence in performing a service for a client (see generally ABA Standards for Imposing Lawyer Sanctions § 4.4). Upon consideration of respondent's arguments in mitigation and AGC's opposing submission, we observe that respondent's misconduct is aggravated by, among other things, a prior informal admonition in Arizona and her failure to timely notify this Court of all disciplinary proceedings as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we find that, under the circumstances, respondent should be censured (see e.g. Matter of Rockmacher, 150 AD3d 1528 [2017]; Matter of Krzys, 149 AD3d 1244 [2017]; Matter of McDonagh, 129 AD3d 1199 [2015]; Matter of Musafiri, 127 AD3d 1405 [2015]; Matter of Burns, 123 AD3d 1284 [2014]).
Furthermore, in light of concerns raised upon these proceedings as to respondent's knowledge and ethics regarding client communications and court practice, we direct that respondent submit, within one calendar year of the date of this decision, documentation to AGC establishing that she has taken and passed the Multistate Professional Responsibility within that time period and, additionally, that she has completed 12 credit hours of accredited continuing legal education in ethics and professionalism (see Matter of Musafiri, 127 AD3d at 1407; see also Matter of Mann, 157 AD3d 1160, 1162 [2018], appeal dismissed 31 NY3d 1037 [2018], lv denied 32 NY3d 948 [2018]).[FN1]
Garry, P.J., Lynch, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured; and it is further
ORDERED that respondent is directed to comply with all of the terms and conditions set forth in this Court's decision.



Footnotes

Footnote 1: This Court is mindful that, as an attorney practicing out of state, respondent appears to presently be exempt from the continuing legal education credits otherwise required of all attorneys in this state (see 22 NYCRR 1500.5 [b] [1]; 1500.22 [a], [n]).