Matter of Rockmacher (2020 NY Slip Op 01434)





Matter of Rockmacher


2020 NY Slip Op 01434


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

PM-36-20

[*1]In the Matter of Stephen Louis Rockmacher, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Stephen Louis Rockmacher, Respondent. (Attorney Registration No. 2382877.)

Calendar Date: December 30, 2019

Before: Garry, P.J., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Stephen Louis Rockmacher, Albany, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 1991 and currently maintains a law office in the City of Albany. In October 2019, petitioner commenced this disciplinary proceeding alleging, in two charges, that respondent violated several Rules of Professional Conduct by, among other things, utilizing an improper retainer agreement, charging a nonrefundable retainer fee, misrepresenting information to petitioner concerning his knowledge of a client's contact information and failing to promptly refund to two separate clients the unearned portion of a retainer fee upon his discharge. Following service of respondent's verified answer, the parties now jointly move this Court to censure respondent upon the consent of the parties.
As required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) (i) (A), the parties have submitted a stipulation of facts. Consequently, it is undisputed that respondent's actions violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.5 (b) and (d) (4); 1.16 (e); 8.4 (c) and (d) and Rules of Appellate Division, All Departments (22 NYCRR) § 1215.1. In compliance with Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) (i) (B), respondent has also submitted an affidavit in which he has conditionally admitted the relevant facts and acknowledges that the admitted facts establish that he engaged in the stipulated professional misconduct. Further, respondent consents to the agreed-upon discipline of a public censure, which consent is given freely and voluntarily without coercion or duress. Lastly, respondent avers that he is fully aware of the consequences of consenting to such discipline.
As is required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) (i) (C), the parties also set forth in the joint affirmation the applicable factors to be considered with respect to aggravation and mitigation. In regard to aggravating factors, the affirmation sets forth respondent's disciplinary history, which includes, among other things, two instances of private discipline, as well two prior public censures (Matter of Rockmacher, 150 AD3d 1528 [2017]; Matter of Rockmacher, 100 AD3d 1180 [2012]). Although no specific mitigation is presented, it is noted that that the subject disciplinary charges contain some allegations similar to those set forth in the earlier November 2014 petition of charges that led to the 2017 censure by this Court (Matter of Rockmacher, 150 AD3d at 1529), which were not yet resolved at the time that respondent represented the subject two clients in 2015 and 2016.
Now, having considered the parties' joint affirmation, the parties' stipulation of facts, respondent's conditional admissions, the parties' summation of aggravating and relevant circumstances and the recitation of the parties' agreed-upon disciplinary sanction, we grant the joint motion. Moreover, upon review of the stipulated misconduct and taking note of respondent's past disciplinary history, we find that public censure is an appropriate sanction under the circumstances and is consistent with our prior precedent (see e.g. Matter of Burns, 123 AD3d 1284 [2014]). Accordingly, we hold that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be censured (see generally Matter of Parrinello, 156 AD3d 1216, 1218 [2017]).
Garry, P.J., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the joint motion by the parties is granted; and it is further
ORDERED that respondent is censured.