[667 NYS2d 368]

In the Matter of DAVID L. RABIN (Admitted as DAVID LEONARD RABIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 13, 1998

#### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Murray Richman* for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent David L. Rabin was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on February 21, 1973, as David Leonard Rabin. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order confirming certain findings of fact and conclusions of law of the Hearing Panel.

In support, petitioner has demonstrated that evidence was presented to the Hearing Panel showing that, in late 1991, respondent was a member and managing partner of the firm of Semple, Sloboda & Rabin, which had a special account and a general business account as to which all of the partners were signatories and as to which all had access to checkbooks and other records. Petitioner has further demonstrated that respondent improperly withdrew funds from the firm's special account to pay business or personal expenses, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46), wrote checks to cash from the special account, in violation of DR 9-102 (E), commingled funds in the special account, in violation of DR 9-102 (A), and failed to return approximately $9,000 in funds held on behalf of his firm's clients, in violation of DR 9-102 (C) (4).

Petitioner has further shown that respondent admitted before the Hearing Panel that he wrote a series of checks on the special account for personal and business expenses but insisted that the special account was not an escrow account and that he did not know that funds that had been deposited to it by his partner were client funds. While rejecting these defenses, the Hearing Panel specifically found that respondent's conduct was not venal and that respondent, who had no prior disciplinary record, was unsophisticated concerning law firm management and inexperienced in private practice.

While we confirm the findings of fact and conclusions of law of the Panel, which were supported by the evidence, we find that respondent should be suspended for two years, in light of the fact that respondent's mishandling of funds was the result of carelessness, rather than any intent to convert, his unblemished disciplinary record, the ultimate repayment of funds belonging to the firm's clients, and the fact that this penalty comports with that imposed on respondent's partner, who was more directly responsible for the client funds that were misappropriated and who also was found to have neglected client matters (*Matter of Semple*, 225 AD2d 238).

Accordingly, the petition is granted only insofar as to confirm the Hearing Panel's findings of fact and conclusions of law, the Hearing Panel's recommendation of a three-year suspension is disaffirmed and respondent is suspended from the practice of law for a period of two years, and until further order of this Court.

SULLIVAN, J. P., ELLERIN, WALLACH, WILLIAMS and ANDRIAS, JJ., concur.

Petition granted only insofar as to confirm the Hearing Panel's findings of fact and conclusions of law, and the Hearing Panel's recommendation of a three-year suspension is disaffirmed, and respondent is suspended from the practice of law for a period of two years, and until the further order of this Court.