(January 26, 2010)

In the Matter of PATRICK E. BARBER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [891 NYS2d 923]—

Per Curiam.

Petitioner moves for respondent's immediate suspension from the practice of law pending final determination of disciplinary charges filed against him (*see* 22 NYCRR 806.4 [f]). Respondent opposes the motion, but has admitted to the charged disciplinary violations contained in the petition of charges. These charges include neglect (*see* former Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]), misleading and deceiving clients as to the status of matters (*see* former Code of Professional Responsibility DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]), engaging in fraudulent conduct prejudicial to the administration of justice by providing clients with Family Court orders purportedly signed by a judge but which were never issued or signed by the judge (*see* former Code of Professional Responsibility DR 1-102 [a] [3], [4], [5], [7] [22 NYCRR 1200.3 (a) (3), (4), (5), (7)]), failure to promptly remit and account for funds received on behalf of a client (*see* former Code of Professional Responsibility DR 1-102 [a] [5], [7]; DR 9-102 [c] [3], [4] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (c) (3), (4)]), and failure to cooperate with petitioner's investigation (*see* former Code of Professional Responsibility DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]).

Under the circumstances presented, and especially noting the admitted disciplinary violations arising out of allegations of respondent's fraudulent conduct, we find that respondent is guilty of professional misconduct immediately threatening the public interest. Therefore, we grant petitioner's motion to suspend respondent from the practice of law pending consideration of the disciplinary charges.

Peters, J.P., Spain, Rose, Kavanagh and Stein, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law, effective upon service on respondent of this decision and order, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).