■ In the Matter of DAVID A. EHRLICH, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [898 NYS2d 528]—

Per Curiam. Respondent was admitted to practice by this Court in 2002. He maintains an office for the practice of law in the City of Albany.

Petitioner moves for respondent's immediate suspension from the practice of law pending consideration of disciplinary charges against him upon the ground that he is guilty of professional misconduct threatening the public interest (see 22 NYCRR 806.4 [f]). Petitioner has filed a petition of charges accusing respondent of serious misconduct, including falsifying and providing a client with a decision from the U.S. Court of Appeals for the Second Circuit and providing another client with a judgment purportedly signed by a judge, but which was never issued or signed by the judge. Respondent has not answered or otherwise appeared with respect to the petition nor has he appeared in response to petitioner's motion.

Based upon respondent's default in responding to the petition and the instant motion, and the uncontroverted evidence of his professional misconduct submitted by petitioner (see 22 NYCRR 806.4 [f] [1]), we find that respondent is guilty of professional misconduct immediately threatening the public interest. We

therefore grant petitioner's motion to suspend him from the practice of law pending disposition of the petition of charges (*see e.g. Matter of Barber*, 69 AD3d 1222 [2010]; *Matter of Smith*, 188 AD2d 673 [1992]).

Mercure, J.P., Peters, Rose, Stein and Garry, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law, effective upon service on respondent of a copy of this memorandum and order, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).