■ In the Matter of PATRICK E. BARBER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [894 NYS2d 776]—

Per Curiam. Respondent was admitted to practice by this Court in 1983 and maintained an office for the practice of law in Fort Edward, Washington County. By decision dated January 26, 2010, this Court suspended respondent pursuant to 22 NYCRR 806.4 (f), upon a finding that he was guilty of professional misconduct immediately threatening the public interest (*Matter of Barber*, 69 AD3d 1222 [3d Dept 2010]). This finding was based upon respondent's admission of guilt to the disciplinary violations contained in the petition of charges, which included fabricating Family Court orders as well as a letter of a Family Court Clerk, in an effort to mislead and deceive his clients into believing he had undertaken the tasks for which he was retained (*id.*).

We have heard respondent in mitigation and determine that in order to protect the public, deter similar misconduct and preserve the reputation of the bar, he should be disbarred. In reaching this determination, we again note the very serious nature of respondent's fraudulent conduct which strikes at the heart of the administration of justice (*see e.g. Matter of Reich*, 32 AD3d 1106 [2006]). Respondent's misconduct is aggravated by his disciplinary history which includes two letters of admonition and a letter of caution issued by petitioner, and demonstrates a pattern of misconduct involving neglect of client matters and misleading and deceiving clients. We have also

considered respondent's offer in mitigation and the many character letters submitted on his behalf. However, in view of the admitted misconduct and all of the other circumstances presented, we nevertheless conclude that disbarment is the appropriate sanction.

Peters, J.P., Spain, Rose, Kavanagh and Stein, JJ., concur. Ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).