▇ In the Matter of DAVID A. EHRLICH, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [899 NYS2d 674]—

Per Curiam. Respondent was admitted to practice by this Court in 2002 and maintained an office for the practice of law in the City of Albany. By decision dated February 11, 2010, respondent was suspended pursuant to 22 NYCRR 806.4 (f), upon a finding that he was guilty of professional misconduct immediately threatening the public interest (*Matter of Ehrlich*, 70 AD3d 1166 [2010]). This finding was based upon respondent's default in responding to a December 31, 2009 petition of charges which charged that he neglected client matters in violation of

the attorney disciplinary rules (*see* Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.3 [b]);* failed to respond to client communications (*see* Code of Professional Responsibility DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.4); engaged in misleading and deceiving conduct that is prejudicial to the administration of justice which adversely reflected on his fitness as an attorney by attempting to mislead and deceive his clients about the status of their cases and falsifying court documents (*see* Code of Professional Responsibility DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [c], [d], [h]); engaged in conduct that is prejudicial to the administration of justice which adversely reflected on his fitness as an attorney by failing to comply with court orders (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d], [h]); failed to register as an attorney as required by Judiciary Law § 468-a (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]); issued a check against insufficient funds from his attorney escrow account (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rules 8.4 [d], [h]; 1.15); and failed to cooperate with petitioner (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d], [h]).

Respondent has not answered or otherwise appeared with respect to the petition and has not opposed petitioner's instant motion for a default judgment. Petitioner has attached 80 exhibits to its default motion that establish each of the charges set forth in the petition. Under the circumstances, respondent is deemed to have admitted the charges and we grant petitioner's motion (*see e.g. Matter of Crumb*, 66 AD3d 1323 [2009]). Further, based upon such admission and the proof submitted by petitioner in support of its motion, we find respondent guilty of the charged misconduct. Petitioner further advises that it issued a letter of admonition to respondent in November 2008 for, among other things, neglect, failing to communicate, failing to cooperate with petitioner's investigation and sending a misleading letter to a court.

Having considered the factors and circumstances presented, and in order to protect the public, deter similar misconduct and

---

* The alleged misconduct occurred prior to and after the April 1, 2009 enactment of the Rules of Professional Conduct.

preserve the reputation of the bar, we conclude that respondent should be disbarred (see e.g. Matter of Barber, 70 AD3d 1296 [2010]).

Mercure, J.P., Peters, Rose, Stein and Garry, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).