[995 NYS2d 111]

In the Matter of Steven E. Goldstein (Admitted as Steven Eric Goldstein), a Suspended Attorney, Respondent. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Petitioner.

Second Department, October 22, 2014

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Thomas Graham Amon* of counsel), for petitioner.
*Steven E. Goldstein*, Bronx, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated April 10, 2012, containing six charges of professional misconduct. After a prehearing conference on April 17, 2013, and a hearing on July 18, 2013, the Special Referee issued a report that sustained all the charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. In response to the motion, the respondent asks that the Court take into account various extenuating circumstances and consider a sanction other than disbarment.

Charge one alleges that the respondent neglected a legal matter entrusted to him by a client, Audrey Shipmon, in violation of former Code of Professional Responsibility DR 6-101 (a) (3) and DR 1-102 (a) (7) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3 (b) and 8.4 (h). In February 2007, Shipmon, acting as managing agent for a landlord, retained the respondent to commence a proceeding or action against tenants who owed back rent. In or about March 2007, the respondent filed a summons and complaint in the Civil Court, Bronx County. The respondent failed to serve the defendants in that action with copies of the summons and complaint, and thereafter failed to perform any further work on the matter.

Charge two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in connection with the Shipmon matter, in violation of former Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR

1200.3 [a] [4], [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4 (c) and (h). In June 2007, knowing that the defendants in the Shipmon matter had not been served with process, the respondent prepared an affidavit falsely stating that the defendants had been served with process. The respondent asked Shipmon to sign, notarize, and return the document, which she did. On or about June 2008, the respondent falsely advised Shipmon that her matter had settled for $42,500. Between June 2008 and March 2009, the respondent issued Shipmon four personal checks totaling $800. He falsely represented to Shipmon that those funds represented a portion of her total settlement.

Charge three alleges that the respondent neglected a legal matter entrusted to him by a client, Arlene Waye, in violation of former Code of Professional Responsibility DR 6-101 (a) (3) and DR 1-102 (a) (7) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3 (b) and 8.4 (h). On January 5, 2008, Waye retained the respondent to commence a proceeding against a realty company, against whom Waye had won an arbitration award. The respondent failed to perform any work on the Waye matter.

Charge four alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in connection with the Waye matter, in violation of former Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c) and (h). In or about October 2009, the respondent falsely advised Waye that she was awarded a judgment against the realty company. The respondent provided Waye with a false document that he created and represented to be an order of the Supreme Court, Kings County, dated October 14, 2009, which recited that Waye was awarded a judgment against the realty company. The respondent also provided Waye with a false document that he created and represented to be a bank levy dated October 19, 2009, which purported to direct the realty company to satisfy the judgment out of funds in its bank account at Woori American Bank. The respondent knew that the realty company did not have a bank account at Woori American Bank. In addition, the respondent provided Waye with a false document that he created and represented to be an ex parte order of the Supreme Court, Kings County, dated April 9, 2010, which purported to direct Woori American Bank to pay the settlement proceeds to Waye. In April 2010, the respondent

falsely advised Waye that he received a settlement check from Woori American Bank, and that he deposited the check into his escrow account. In April 2010, the respondent provided Waye with a copy of a fabricated check that he created and represented to be an actual copy of a settlement check he received from Woori American Bank. The respondent continued to falsely advise Waye through June 2010, that, although he had received the settlement check, there were banking issues that prevented him from issuing her a check for her portion of the settlement.

Charge five alleges that the respondent neglected a legal matter entrusted to him by a client, Richard Marks, in violation of former Code of Professional Responsibility DR 6-101 (a) (3) and DR 1-102 (a) (7) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3 (b) and 8.4 (h). In November 2002, Marks retained the respondent, on behalf of East 170th Street Corporation, to commence a proceeding or action against Blimpies Corporation for nonpayment of rent. The respondent failed to perform any work on the Marks matter.

Charge six alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in connection with the Marks matter, in violation of former Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c) and (h). In August 2009, seven years after he was retained, the respondent falsely advised Marks that he had won a judgment against Blimpies Corporation in the amount of $76,851. In August 2009, the respondent provided Marks with a false document that he created and represented to be an order of the Supreme Court, New York County, dated August 11, 2009, which recited that the Bank of Iowa was in contempt for failing to comply with a previous court order, and purported to direct the bank to pay Marks the sum of $76,851. The respondent continued to falsely advise Marks for several months after August 2009, that he was making attempts to collect on the judgment.

The respondent does not contest the charges, notwithstanding earlier denials. He stated at the hearing: "My testimony [at my deposition] speaks for itself." At his deposition, the respondent not only admitted that he was "mistruthful," but he also admitted that he had fabricated orders, fabricated judges' signatures, and fabricated court stamps and index numbers on various orders, all in an effort to conceal his neglect.

Based on the evidence adduced, the Special Referee properly sustained all of the charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In mitigation, the respondent testified at his deposition that a close friend of his died of an aneurysm at his home, and that the respondent allegedly tried to save his friend's life, but was unsuccessful. According to the respondent, the trauma of that incident caused him to go into a deep depression. Unfortunately, he turned to alcohol, claiming at the same time that he was a recently recovered alcoholic. Although the Grievance Committee requested that the respondent produce medical reports substantiating his health problems, the respondent failed to provide any documentation in support thereof. The respondent recounted the same chain of events at the hearing, but offered no evidence whatsoever to support his claims. The Special Referee requested that the respondent provide some documentation, e.g., a medical report from his treating physician, which the respondent indicated could still be obtained. No such documentation was provided subsequent to the hearing.

The respondent's submissions in support of his purported mitigation consist of self-serving statements for which no evidence, documentary or otherwise, has been produced. Other than the respondent's bare claims, and despite separate requests by the Grievance Committee and the Special Referee for supporting documentation, *no* evidence was presented to support his contentions that: (1) a close friend had died in his arms, (2) he suffered from depression and post-traumatic stress disorder, (3) he sought treatment, and (4) he abused alcohol, entered Alcoholics Anonymous, and is now sober. Given the utter lack of evidence to support any of the respondent's claims, we find these claims to be not credible.

Under the totality of circumstances, the respondent is disbarred.

ENG, P.J., MASTRO, RIVERA, SKELOS and DICKERSON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that effective immediately, the respondent, Steven E. Goldstein, admitted as Steven Eric Goldstein, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Steven E. Goldstein, admitted as Steven Eric Goldstein, a suspended attorney, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Steven E. Goldstein, admitted as Steven Eric Goldstein, a suspended attorney, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Steven E. Goldstein, admitted as Steven Eric Goldstein, a suspended attorney, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).