Matter of Rabin (2019 NY Slip Op 04811)





Matter of Rabin


2019 NY Slip Op 04811


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: June 13, 2019
[*1]
In the Matter of DAVID LEONARD RABIN, an Attorney.
ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; DAVID LEONARD RABIN, Respondent. (And Another Related Application.) (Attorney Registration No. 1548536)

Calendar Date: February 25, 2019

Before: Garry, P.J., Mulvey, Devine, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for petitioner.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by the Second Department in 1973 and currently lists a business address with the Office of Court Administration in the Town of Hunter, Greene County. By petition of charges marked returnable August 13, 2018, petitioner alleged that respondent had provided a falsified judgment containing the forged signature of a Supreme Court Justice to a client in a judgment enforcement action, and had attempted to mislead that client as to the judgment's authenticity and the status of his case. Respondent joined issue on September 28, 2018, and petitioner filed its statement of disputed facts on October 18, 2018. Respondent thereafter failed to file a statement of disputed facts nor did he file a disclosure concerning those disputed facts (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [2], [3]). Accordingly, petitioner moved for an order striking respondent's answer, deeming the allegations of the petition admitted and imposing discipline upon respondent upon his default. By confidential order entered on April 2, 2019, we granted the motion in part, striking respondent's answer, deeming the allegations of the petition established and directing the parties to be heard on the issue of the proper discipline to be imposed [FN1]. Petitioner has submitted an affidavit in support of aggravation, but respondent has made no submission in mitigation. As the matter is now ripe for disposition, we turn to the issue of the appropriate sanction.
In considering the appropriate discipline, we may consider "any relevant factor, including but not limited to the nature of the misconduct, aggravating and mitigating circumstances, . . . the appropriate sanction under the American Bar Association's Standard for Imposing Lawyer Sanctions, and applicable case law and precedent" (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). In this respect, we find that respondent's misconduct is undoubtedly serious and warrants an equally serious sanction (see Matter of Goldstein, 123 AD3d 234, 236 [2014]; Matter of Ehrlich, 72 AD3d 1391, 1392 [2010]; Matter of Truong, 22 AD3d 62, 64 [2005]; Matter of Dries, 159 AD2d 198, 199 [1990]; see also ABA Standards for Imposing Lawyer Sanctions § 5.11 [b]). Owing to respondent's failure to participate in these proceedings, he has presented no factors for our consideration in mitigation of his misconduct. Conversely, in aggravation, we have considered that respondent's false representation regarding the validity of the judgment caused his client to retain another attorney to enforce that judgment at further cost and with no chance of success (see ABA Standards for Imposing Lawyer Sanctions § 9.22 [h]). We have also taken note of respondent's failure to meaningfully comply with his obligations during these proceedings, demonstrating his contempt for the disciplinary process (see ABA Standards for Imposing Lawyer Sanctions § 9.22 [e]). Finally, respondent has a history of serious discipline, having been suspended from the practice of law for a two-year term by the First Department in 1998 upon sustained findings of negligent mismanagement of firm bank accounts (Matter of Rabin, 239 AD2d 17 [1998]). Based on the facts and circumstances of this case, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we find that respondent should be disbarred from the practice of law in this state.
Finally, we note that an additional motion by petitioner is currently pending before us that seeks respondent's interim suspension due to his lack of cooperation with petitioner's investigation of other allegations of misconduct against respondent (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]). Inasmuch as such application has been rendered moot by our disposition of the instant petition, we dismiss the motion.
Garry, P.J., Mulvey, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that the motion by petitioner filed with this Court on February 13, 2019 seeking respondent's interim suspension is dismissed, as moot.



Footnotes

Footnote 1: Specifically, we determined that respondent violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4 (b), (c), (d) and (h).