Matter of Solomon (2020 NY Slip Op 00282)





Matter of Solomon


2020 NY Slip Op 00282


Decided on January 15, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
FRANCESCA E. CONNOLLY, JJ.


2018-03589
2018-05078

[*1]In the Matter of Brian D. Solomon, admitted as Brian David Solomon, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Brian D. Solomon, respondent. (Attorney Registration No. 2315349) 
 OPINION & ORDER 
DISCIPLINARY PROCEEDINGS instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 7, 1990, under the name Brian David Solomon. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by service and filing of a notice of petition and verified petition, both dated March 27, 2018. By decision and order on motion of this Court dated November 14, 2018, the Grievance Committee's motion to deem the charges in the verified petition established based upon the respondent's default was denied, and the respondent's answer was deemed timely filed. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated November 26, 2018, pursuant to 22 NYCRR 1240.8(a)(2), which the respondent did not challenge. By decision and order on application of this Court dated January 11, 2019, the matter was referred to the Honorable Arthur J. Cooperman, as Special Referee, to hear and report (Appellate Division Docket No. 2018-03589).

The Grievance Committee commenced a second disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by service and filing of a notice of petition dated May 3, 2018, and a verified petition dated April 20, 2018, and the respondent served and filed an answer dated May 31, 2018. The Grievance Committee served and filed a statement of disputed and undisputed facts dated June 14, 2018, which the respondent did not challenge. By decision and order on motion dated November 14, 2018, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 1240.9(a), and the issues raised were referred to the Honorable Arthur J. Cooperman, as Special Referee, to hear and report (Appellate Division Docket No. 2018-05078).
 Diana Maxfield Kearse, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.
 The Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts served the respondent with a verified petition dated March 27, 2018, containing three charges of professional misconduct (Appellate Division Docket No. 2018-03589). Thereafter, the Grievance Committee served the respondent with a verified petition dated April 20, 2018, containing four charges of professional misconduct (Appellate Division Docket No. 2018-05078). Both matters [*2]were referred to the Honorable Arthur J. Cooperman, as Special Referee, to hear and report. A prehearing conference was held on January 31, 2019, and a hearing was held on February 27, 2019, with respect to both disciplinary proceedings. The respondent did not appear at either the prehearing conference or the hearing. The Special Referee issued separate reports with regard to each of the proceedings, sustaining all charges in both petitions. The Grievance Committee now moves, in separate motions, to confirm the reports of the Special Referee and to impose such discipline as this Court deems just and proper. Although served with copies of the motions, the respondent has neither served a response, nor has he requested additional time in which to do so.
Appellate Division Docket No. 2018-03589
 Charge one alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, which was prejudicial to the administration of justice, in violation of rule 8.4(c) and (d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: In or about 2003, Michael Nuzzolo retained the respondent to finalize a deed transfer. In or about 2006 or 2007, the respondent advised Nuzzolo that he would commence an action in the Supreme Court, Richmond County. The respondent thereafter told Nuzzolo that he had commenced an action in the Supreme Court and had made an appearance on his behalf, when, in fact, he had not. The respondent subsequently created a fraudulent judgment, dated September 10, 2013, onto which he affixed the signature of then Supreme Court Justice Joseph Maltese. The fraudulent judgment purported to award Nuzzolo $50,000 and directed the Richmond County Clerk to record the judgment, which was to have the same "force and effect" as if a deed had been recorded. The respondent gave the fraudulent judgment to Nuzzolo. The respondent failed to tell Nuzzolo that the judgment was fraudulent until after Nuzzolo filed a complaint with the Grievance Committee in or about September 2014.
 Charge two alleges that the respondent failed to timely cooperate with the Grievance Committee in its investigation of five complaints of professional conduct filed against him, in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
 On September 8, 2014, the Grievance Committee received a complaint from Michael Nuzzolo. By letter dated September 16, 2014, a copy of the complaint was forwarded to the respondent and he was requested to provide a written answer within 10 days of his receipt thereof. The respondent failed to comply. In a telephone conversation on December 1, 2014, the respondent represented to the Grievance Committee that he had already mailed his answer to the Nuzzolo complaint, but would mail another copy. On February 9, 2015, the respondent advised the Grievance Committee of the same. No answer was provided. By letter dated March 17, 2015, sent first class and certified mail, return receipt requested, the Grievance Committee requested that the respondent provide a written answer by March 31, 2015, and advised that his failure to respond constitutes professional misconduct independent of the merits of the underlying complaint. A return receipt card was returned to the Grievance Committee on March 23, 2015, signed by "DJ Mattei." The respondent neither answered nor requested additional time in which to do so.
 On March 23, 2015, the Grievance Committee received a complaint from Dennis Fisher. By letter dated April 7, 2015, sent first class and certified mail, return receipt requested, a copy of the Fisher complaint was forwarded to the respondent and he was requested to provide a written answer within 10 days of his receipt thereof. The respondent failed to comply.
 In or about April 2015, the respondent was personally served with a judicial subpoena directing his appearance on May 11, 2015, for an examination under oath with respect to both the Nuzzolo and Fisher matters. The respondent appeared on that date, but requested an adjournment to retain counsel. The examination under oath was initially adjourned to May 26, 2015, but at the respondent's request, the examination was adjourned to June 1, 2015. However, prior to that date, the respondent by letter requested another adjournment. The Grievance Committee instructed the respondent to call on June 1, 2015, to schedule a new date, but the respondent failed to contact the Grievance Committee. By letter dated June 9, 2015, the respondent was directed to appear on June 22, 2015, for the examination. By letter dated June 16, 2015, Peter T. Shapiro, counsel for the respondent, requested an adjournment to provide answers to the pending complaints. The matter was adjourned to July 2, 2015. On July 2, 2015, answers to the Nuzzolo and Fisher complaints were finally provided.
 On February 9, 2016, the Grievance Committee received a complaint from Danny Montanez. By letter dated March 14, 2016, a copy of the Montanez complaint was forwarded to the respondent and he was requested to provide a written answer within 10 days of his receipt thereof. The respondent failed to comply even after a second letter, dated May 18, 2016, was sent. On August 2, 2016, a letter was hand-delivered to the respondent requesting a written answer to the [*3]Montanez complaint within 10 days. At an examination under oath on September 22, 2016, the respondent did not provide the requested answer. He did not provide an answer until September 26, 2016. By letter dated June 15, 2017, the respondent was asked to provide an update to the Montanez matter within 10 days of his receipt thereof. To date, the respondent has not provided the Grievance Committee with the requested update.
 On May 4, 2016, the Grievance Committee received a complaint from Offia Bright. By letter dated June 2, 2016, a copy of the Bright complaint was forwarded to the respondent and he was requested to provide a written answer within 10 days of his receipt thereof. The respondent failed to comply. On August 2, 2016, a letter was hand-delivered to the respondent requesting a written answer to the Bright complaint within 10 days. An answer to the Bright complaint was finally received on October 21, 2016.
 On May 31, 2016, the Grievance Committee received a complaint from Assunta Benincasa. By letter dated June 8, 2016, a copy of the Benincasa complaint was forwarded to the respondent and he was requested to provide a written answer within 10 days of his receipt thereof. The respondent failed to comply. On August 2, 2016, a letter was hand-delivered to the respondent requesting a written answer to the Benincasa complaint within 10 days. An answer to the Benincasa complaint was finally received on September 26, 2016.
 Charge three alleges that respondent neglected four legal matters entrusted to him, in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent was retained in 2003 by Michael Nuzzolo to finalize a deed transfer. However, the respondent failed to commence an action on that client's behalf until 2016, some 13 years after he had been retained and after his client filed a complaint with the Grievance Committee. In June 2009, the respondent represented D & B Mail Services in an action against Women's Health Care Specialists Medical Practice, P.C., in an effort to recover an unpaid bill for services. In or about 2009, the respondent entered into a stipulation of settlement on behalf of D & B Mail Services with Women's Health Care Specialists Medical Practice, P.C., for the sum of $5,000. In or about October 2009, the respondent received $3,000 toward the settlement. Other than sending one letter to Women's Health Care Specialists Medical Practice, P.C., in February 2015, the respondent took no other steps to recover the remainder of the settlement. In or about October 2011, Offia Bright retained the respondent to handle his pending divorce. In December 2011, the Honorable Jeffrey S. Sunshine consented to the Bright divorce settlement and directed the respondent to file the judgment and other related documents. The respondent never filed the judgment or other related documents. In or about 2013, the respondent was retained by Assunta Benincasa to finalize her divorce. In or about July 2014, a judgment of divorce was entered. Thereafter, the respondent was required to file three Qualified Domestic Relations orders. The respondent timely filed two, but did not file the third until November 2017.
Appellate Division Docket No. 2018-05078
 Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: the respondent maintained at all times an attorney escrow account at JP Morgan Chase Bank, ending in 2565, entitled "IOLA-Brian D. Solomon, Esq." (hereinafter escrow account). On February 21, 2017, the respondent deposited $112,000 into his escrow account, representing a contract deposit for the sale of 321 51st Street in Brooklyn, on behalf of the Estate of Anthony Alonzo (hereinafter Alonzo Estate). By March 6, 2017, prior to any disbursements on behalf of the Alonzo Estate, the balance in the escrow account had been depleted to $23,659.76. By March 27, 2017, prior to any disbursements on behalf of the Alonzo Estate, the balance in the escrow account had been further depleted to $13,659.76. 
On June 22, 2017, a disbursement for $200 cleared the escrow account on behalf of the Alonzo Estate, bringing the total sum that should have been on deposit for the Alonzo Estate to $111,800. On June 26, 2017, a disbursement for $57.17 cleared the escrow account on behalf on the Alonzo estate, bringing the total sum that should have been on deposit for the Alonzo Estate to $111,742.83. 
 By October 12, 2017, the balance in the escrow account had been depleted to $4,304.63.
 On October 31, 2017, there was an electronic transfer into the escrow account from "Marle Solomon" in the sum of $150,000.
 On November 2, 2017, the remaining proceeds of $111,742.83 were disbursed to the Alonzo Estate by escrow check No. 4401.
 Charge two alleges that the respondent misappropriated funds entrusted to him as a [*4]fiduciary, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.00) as follows: on March 28, 2017, the respondent deposited $172,782.42 into his escrow account on behalf of the Estate of Diane Shenker (hereinafter Shenker Estate). By the end of June 2017, after four disbursements were made from the escrow account on behalf of the Shenker Estate, the respondent was required to maintain a balance of at least $78,881.27 in his escrow account on behalf of the estate. By July 18, 2017, the balance had been depleted to $68,833.30. On July 21, 2017, a $500 disbursement on behalf of the Shenker Estate cleared the escrow account. On December 29, 2017, the balance in the escrow account had been depleted to $308.42.
 Charge three alleges that the respondent misappropriated funds entrusted to him as a fiduciary, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0) as follows: on December 19, 2017, the respondent deposited $65,000 into his escrow account in connection with property located at 337 Britton Avenue in Staten Island. By December 21, 2017, before any disbursements were made on behalf of the Britton Avenue property, the balance in the escrow account had been depleted to $19,308.42.
 On October 25, 2017, the respondent deposited $10,000 into his escrow account in connection with property located at 82 McLaughlin Street in Staten Island. On December 4, 2017, before any disbursements were made on behalf of the McLaughlin Street property, the balance in the escrow account had been depleted to $3,088.42.
 On June 15, 2017, the respondent deposited $30,000 into his escrow account in connection with property located at 270 Oakdale Street in Staten Island. On August 7, 2017, before any disbursements were made on behalf of the Oakdale property, the balance in the escrow account had been depleted to $19,660.06. On June 2, 2017, the respondent deposited $34,250 into his escrow account in connection with property located at 678 Clove Road in Staten Island. On July 18, 2017, one disbursement cleared on behalf of the Clove Road property in the sum of $250, bringing the balance that should have been on deposit for this property to $34,000. By July 26, 2017, the balance in the escrow account had been depleted to $23,825.21.
 On August 11, 2017, the respondent deposited $50,000 in his escrow account in connection with property located at 1936 New York Avenue in Brooklyn. By October 25, 2017, prior to any disbursements on behalf of the New York Avenue property, the balance in the escrow account had been depleted to $15,804.63.
 Charge four alleges that the respondent failed to cooperate with the Grievance Committee's investigation of six complaints of professional misconduct filed against him, in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0) as follows:
 On July 13, 2017, the Grievance Committee received a complaint of professional misconduct from Anthony J. Badalucca alleging neglect of an estate matter. By letter dated August 17, 2017, sent first class mail, the respondent was provided a copy of the complaint and requested to provide a written answer within 10 days of his receipt thereof. The respondent failed to answer or request additional time in which to do so. Despite two additional letters dated October 10, 2017, and November 27, 2017, sent first class and certified mail, return receipt requested, requesting the same and advising that failure to respond constitutes professional misconduct independent of the merits of the underlying complaint, the respondent did not comply. The return receipt cards were returned to the Grievance Committee signed by "Mattei" and "DJ Mattei," respectively.
 On October 23, 2017, the Grievance Committee received a complaint of professional misconduct from Ellen D. Thomas, alleging neglect of the Shenker Estate and a possible misappropriation of funds. By letter dated October 31, 2017, sent first class mail, the respondent was provided a copy of the complaint and requested to provide a written answer within 10 days of his receipt thereof. The respondent failed to answer or request additional time in which to do so. Despite a second letter dated November 27, 2017, sent first class and certified mail, return receipt requested, requesting the same and advising that failure to respond constitutes professional misconduct independent of the merits of the underlying complaint, the respondent did not comply. The return receipt card was returned to the Grievance Committee signed "DJ Mattei."
 On December 15, 2017, the Grievance Committee received a complaint of professional misconduct from Frances and Barbara Penn alleging neglect of the Shenker Estate and a possible misappropriation of funds. By letter dated January 4, 2018, sent first class mail, the respondent was provided a copy of the complaint and requested to provide a written answer within 10 days of his receipt thereof. The respondent failed to answer or request additional time in which to do so. Despite a second letter dated February 1, 2018, sent first class and certified mail, return receipt requested, requesting the same and advising that failure to respond constitutes professional [*5]misconduct independent of the merits of the underlying complaint, the respondent did not comply. The return receipt card was returned to the Grievance Committee signed "DJ Mattei."
 On January 30, 2018, the Grievance Committee received a complaint of professional misconduct from Hilary Monaco (on behalf of Lillian Brunell) alleging neglect of the Shenker Estate and a possible misappropriation of funds. By letter dated February 7, 2018, sent first class mail, the respondent was provided a copy of the complaint and requested to provide a written answer within 10 days of his receipt thereof. The respondent failed to answer or request additional time in which to do so. Despite a second letter dated March 12, 2018, sent first class and certified mail, return receipt requested, requesting the same and advising that failure to respond constitutes professional misconduct independent of the merits of the underlying complaint, the respondent did not comply. The return receipt cards were not returned to the Grievance Committee, but neither was the first class mail returned.
 On February 12, 2018, the Grievance Committee received a complaint of professional misconduct from Jerome Rudman alleging a possible misappropriation of the funds that the respondent was holding on behalf of the Shenker Estate. By letter dated March 6, 2018, sent first class mail, the respondent was provided a copy of the complaint and requested to provide a written answer within 10 days of his receipt thereof. The respondent failed to answer or request additional time in which to do so. The letter was not returned.
 On February 22, 2018, the Grievance Committee received a complaint of professional misconduct from Gilbert Rudman, alleging neglect of the Shenker Estate and a possible misappropriation of estate funds. By letter dated March 6, 2018, sent first class mail, the respondent was provided a copy of the complaint and requested to provide a written answer within 10 days of his receipt thereof. The respondent failed to answer or request additional time in which to do so. The letter was not returned.
 By letter dated March 19, 2018, sent first class and certified mail, return receipt requested, the Grievance Committee directed the respondent to submit all outstanding answers to the complaints filed by Badalucca, Thomas, Penn, Monaco, Jerome Rudman, and Gilbert Rudman no later than March 28, 2018. The letter further directed the respondent to appear for an examination under oath at the Grievance Committee's offices on April 3, 2018. The letter advised that should the respondent fail to provide the written answers or appear, a motion would be filed seeking his immediate suspension.
 To date, the respondent has neither provided written answers to the complaints, nor has he contacted the Grievance Committee regarding the examination under oath.
 In his answer to the verified petition dated March 27, 2018 (Appellate Division Docket No. 2018-03589), the respondent admitted that he created a fraudulent judgment, gave it to his client, and failed to tell the client that it was fraudulent until after the client filed a complaint against him. The respondent also admitted that he failed to cooperate, and made misrepresentations to the Grievance Committee. Further, he admitted that he neglected the various client matters enumerated in the verified petition.
 In his answer to the verified petition dated April 20, 2018 (Appellate Division Docket No. 2018-05078), the respondent admitted the allegations, but denied charges one, two, and three. In particular, he admitted that he invaded the Alonzo Estate funds on deposit in his escrow account, and that only upon the funds being provided by a third-party was he able to timely disburse the funds. 
Based on the evidence adduced, and the respondent's admissions in his answers to the verified petitions, we conclude that the Special Referee properly sustained the charges in both verified petitions. Accordingly, the Grievance Committee's motions to confirm the reports of the Special Referee are granted.
 The respondent has a prior disciplinary history consisting of three cautions, two of which involved neglect of legal matters.
 No mitigation was presented at the hearing as the respondent failed to appear at the hearing. Contrasting the lack of mitigation are the aggravating factors in this case. The respondent's failure to appear at the hearing is an aggravating factor. The creation of a fraudulent judgment, which goes to the heart of the judicial system, constitutes serious professional misconduct. Moreover, while under investigation by the Grievance Committee for certain misconduct, the respondent invaded client funds repeatedly, giving rise to a second set of charges and a separate disciplinary proceeding.
 In view of the absence of mitigating factors, and the aggravating factors in this case, we conclude that the misconduct in aggregate warrants the respondent's disbarment (see Matter of Gellerman, 124 AD3d 62; Matter of Goldstein, 123 AD3d 234; Matter of Goddard, 103 AD3d 139).
[*6]SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and CONNOLLY, JJ., concur.
 ORDERED that on the Court's own motion, the above entitled disciplinary proceedings under Appellate Division Docket Nos. 2018-03589 and 2018-05078 are consolidated; and it is further,
 ORDERED that Grievance Committee's motions to confirm the Special Referee's reports are granted; and it is further,
 ORDERED that the respondent, Brian D. Solomon, admitted as Brian David Solomon, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
 ORDERED that the respondent, Brian D. Solomon, admitted as Brian David Solomon, shall continue to comply with this court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
 ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Brian D. Solomon, admitted as Brian David Solomon, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
 ORDERED that if the respondent, Brian D. Solomon, admitted as Brian David Solomon, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
  ENTER:
 Aprilanne Agostino
 Clerk of the Court