Matter of Anonymous (2023 NY Slip Op 02933)

Matter of Anonymous

2023 NY Slip Op 02933

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

PM-117-23
[*1]In the Matter of Anonymous, an Applicant for Admission to Practice as an Attorney and Counselor-at-Law.

Calendar Date:May 22, 2023

Before:Garry, P.J., Lynch, Pritzker, Fisher and McShan, JJ.

Per Curiam.
Applicant, a 47-year-old resident of New York, graduated from law school in 2000 and passed the bar examination in New York in February 2018. Following a hearing, this Court's Committee on Character and Fitness issued a decision recommending that applicant be admitted to the practice of law subject to certain conditions. The Committee's recommendation has now been referred to the Court for determination.
It is applicant's burden to demonstrate that he possesses the character and general fitness requisite for admission (see Matter of Anonymous, 97 NY2d 332, 334 [2002]; Matter of Anonymous, 172 AD3d 1522, 1523 [3d Dept 2019]). After graduating law school, from 2001 to 2011, applicant engaged in the unauthorized practice of law in New York for nearly ten years. At that time, applicant, who had not yet taken the bar examination and was not licensed to practice law in any jurisdiction, applied for and was subsequently hired as an attorney, working for two different law firms in New York during the relevant time period. For nearly a decade, therefore, he held himself out as a licensed attorney to his employers and the general public and practiced law, ultimately becoming a partner in one of the law firms.
Applicant's malfeasance was ultimately discovered by one of his employers after he intentionally misrepresented the status of a pending matter to one of his direct supervisors and was asked to resign from the firm. Shortly thereafter, it was discovered that applicant was also not licensed to practice law in New York. In turn, applicant was subsequently indicted for various charges, including grand larceny in the second degree, practicing or appearing as an attorney-at-law without being admitted and registered and offering a false instrument for filing in the second degree. He ultimately pleaded guilty to grand larceny in the second degree, a class C felony, and was sentenced to five years of probation.[FN1]
Contrary to the conclusion of the Committee, given the serious nature of applicant's prior illegal conduct, we find that he has failed to proffer sufficient evidence of rehabilitation to warrant his conditional admission to the practice of law at this time. Although the record indicates that applicant's illegal conduct was attributable, at least in part, to depression and alcohol abuse, he admittedly has not engaged in any mental health or substance abuse treatment since such time. His failure to take any meaningful action to address the underlying issues that he claims contributed to his decade-long saga of practicing law without a license provides little assurance that he will not engage in similar misconduct in the future. Our concern in this regard is exacerbated by the fact that, despite his prior felony conviction and the fact that he is not presently admitted to practice law in any jurisdiction, the biography page on his present employer's website nevertheless represented that he was employed as "Senior Counsel," suggesting that, to date, [*2]applicant still does not appreciate the gravity of misrepresenting his attorney licensure status.
We are also troubled by applicant's lack of candor during the admissions process. Applicant failed to disclose on his application questionnaire that his resignation from one of the law firms where he engaged in the unauthorized practice of law was precipitated, in part, by his fabrication of a court order — a deliberate attempt to deceive both his employer and his client regarding the status of a pending matter.[FN2] Additionally, on his application, applicant only disclosed that he engaged in the unauthorized practice of law at a single law firm in New York from 2005 to 2011. It was only upon questioning at his hearing that he disclosed that he had also interviewed and been hired for another attorney position with a separate law firm in New York, where he was employed from 2001 to 2005. Accordingly, applicant's engagement in the unauthorized practice of law in this State commenced four years earlier than what he represented on his application.
Accordingly, based on the foregoing, we conclude that applicant has failed to demonstrate that he presently possesses the character and general fitness requisite for an attorney and counselor-at-law (see Judiciary Law § 90 [1] [a]) and, therefore, we decline to adopt the Committee's recommendation, and deny his application.
Garry, P.J., Lynch, Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the application for admission is denied.

Footnotes

Footnote 1: This charge was based on applicant being paid a salary for performing legal work as an attorney although he was not licensed to practice law.

Footnote 2: Applicant's lack of disclosure in this regard is significant given that the commission of such an egregious offense would have been grounds for the imposition of professional discipline if he had, in fact, been admitted to the practice of law in this State at that time (see e.g. Matter of Rabin, 173 AD3d 1425, 1425-1426 [2019]; Matter of Goldstein, 123 AD3d 234, 236 [2d Dept 2014]; Matter of Ehrlich, 72 AD3d 1391, 1392 [3d Dept 2010]).