## (January 8, 1982)

■ In the Matter of MICHAEL P. HARTER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar by this court on July 12, 1977. On September 19, 1979, while serving as an Assistant District Attorney of Otsego County, he was arrested and charged with the crime of forgery in the second degree, a class D felony. Thereafter a prosecutor's information was filed charging him with the crime of forgery in the third degree, a class A misdemeanor, and violation of section 487 of the Judiciary Law (misconduct by attorneys). On January 20, 1981 he was convicted in City Court, City of Oneonta, following an *Alford* plea (i.e., without admitting any criminal wrongdoing) [*North Carolina v Alford*, 400 US 25], of the crime of attempted forgery in the third degree, a class B misdemeanor, and sentenced to pay a fine of $100. Recent amendments to section 90 of the Judiciary Law (L 1979, ch 674, § 1) mandate the automatic suspension of an attorney convicted of a serious crime unless such suspension is set aside upon the attorney's application by the Appellate Division (Judiciary Law, § 90, subd 4, par f). On February 25, 1981 respondent filed a record of his conviction with this court and applied to set aside his automatic suspension. We granted the application and directed respondent to show cause why a final order of suspension, censure or removal

should not be made (subd 4, par g). Thereafter respondent requested a hearing (subd 4, par h) and the matter was referred to a Judge for hearing, report and recommendation. The hearing Judge has made the following findings: (1) respondent, an Assistant District Attorney whose duties included prosecution of vehicle and traffic violations, actively participated with a part-time secretary employed in his law office in a fraudulent scheme to obtain fees from defendants whose cases were pending in Justice Court; (2) the services to be rendered by respondent involved seeking the reduction of charges pending against the defendants; (3) in furtherance of the scheme, respondent's employee, with his approval, rented a post-office box in the name of another attorney and sent letters over the attorney's signature in two cases;[*] (4) respondent admitted that he forged the attorney's signature on one of the letters; and (5) respondent deceived the defendant and the court in each case by making it appear that the defendant was being represented by the other attorney when, in fact, respondent was acting as both prosecuting and defense attorney. For his misconduct, the hearing Judge has recommended that respondent be disbarred. We have reviewed the evidence and given careful consideration to the contentions urged by respondent in favor of a sanction other than disbarment. We have also taken note of respondent's co-operation throughout this proceeding, his otherwise unblemished record and the fact that he has suffered the stigma of a criminal conviction with its attendant publicity, humiliation and disgrace. While we cannot condone his conduct, we do not believe that the ultimate disciplinary sanction recommended by the hearing Judge is required for the protection of the public. Under all the circumstances, we determine that suspension from the practice of law for a period of two years and thereafter until further order of the court is an appropriate punishment for respondent's dereliction. Respondent suspended for a period of two years, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.

## (January 12, 1982)

[*] In the case that led to respondent's conviction, the letter to defendant offered to seek reduction of the pending charge if a retainer was sent; the letter to the court requested that defendant be permitted to plead guilty to driving while impaired in full satisfaction of a charge of driving while intoxicated and stated that Assistant District Attorney Harter had no objection.