*State of New York*
*Supreme Court, Appellate Division*

Decided and Entered:   October 13, 2016                    D-60-16
_____

In the Matter of JOHN M.
    HOGAN III, an Attorney.

ATTORNEY GRIEVANCE COMMITTEE
    FOR THE THIRD JUDICIAL
    DEPARTMENT,                                    MEMORANDUM AND ORDER
                        Petitioner;

JOHN M. HOGAN III,
                        Respondent.

(Attorney Registration No. 2348951)
_____


Calendar Date:   September 7, 2016

Before:   McCarthy, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ.

                        _____


        Monica A. Duffy, Attorney Grievance Committee for the Third
Judicial Department, Albany (Michael G. Gaynor of counsel), for
petitioner.

        Corrigan, McCoy & Bush, PLLC, Rensselaer (Scott W. Bush of
counsel), for respondent.


                        _____


Per Curiam.

        Respondent was admitted to practice by this Court in 1990.
He maintains an office for the practice of law in the City of
Saratoga Springs, Saratoga County.

        By May 2014 notice of petition, petitioner commenced this
proceeding against respondent, initially charging him with four
charges of professional misconduct involving two separate
clients.  Subsequently, in February 2015, a supplemental petition

of charges was filed setting forth 11 charges of professional misconduct encompassing his representation of four clients. Respondent denied the allegations and a Referee was appointed to hear and report on the consolidated petitions. Thereafter, following a lengthy hearing, the Referee submitted a report in March 2016 that made various factual findings and sustained several of the charges in the petitions.

Upon the parties' cross motions to affirm and disaffirm that report – whereupon petitioner withdrew three of the charges – this Court found respondent guilty of eight of the 12 remaining charges of professional misconduct in a June 2016 confidential order. Specifically, with respect to the May 2014 petition, respondent was found guilty of failing to properly communicate with a client (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.4 [a] [1] [iii]; [3]; [b]), failing to forward a client's requested files (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [c] [4]) and knowingly misleading and deceiving petitioner in its investigation of respondent's conduct (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [c], [d]). With respect to the February 2015 supplemental petition, respondent was found guilty of two charges of neglecting various legal matters and appeals entrusted to him by separate clients (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3 [b]; 1.16 [b] [3]; 8.4 [d], [h]), one charge of failing to properly notify a client of his receipt of funds in which the client had an interest and failing to promptly remit those funds and render an appropriate accounting (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [c] [1], [3], [4]), one charge of failing to obtain the required Surrogate's Court approval of a wrongful death settlement on behalf of a client (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d], [h]) and one charge of continuing to hold funds of a missing client without attempting to locate the client or seeking a court order disbursing the funds to the Lawyer's Fund for Client Protection (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [f]).

We have heard respondent in mitigation, where he expressed remorse. We have also considered the fact that respondent's serious professional misconduct is aggravated by a lengthy

disciplinary history that includes two letters of caution and three letters of admonition and oral admonitions issued by petitioner for similar misconduct. Upon consideration of all relevant factors presented herein, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), we conclude that respondent should be suspended from the practice of law for a period of two years, effective 30 days from the date of this order (see Matter of Reilly, 9 AD3d 736, 737 [2004]; Matter of Harter, 86 AD2d 696, 697 [1982]).

McCarthy, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.

ORDERED that respondent is suspended from the practice of law for a period of two years, effective 30 days from the day of this decision, and until further order of this Court (see generally Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further

ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto;

ORDERED that respondent shall comply with the provisions of the Uniform Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

ENTER:

Robert D. Mayberger
Clerk of the Court