■ In the Matter of CLEMENTE J. PARENTE, an Attorney. ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; CLEMENTE J. PARENTE, Respondent. [55 NYS3d 687]—

Per Curiam. Respondent was admitted to practice by this Court in 1989, and currently practices with a law firm in the City of Albany. By petition dated January 6, 2016, which contained three charges with eight specifications, petitioner alleged that respondent committed certain professional misconduct based upon his failure to safeguard escrow funds that

were willfully misappropriated by his former law partner (*Matter of Crane*, 113 AD3d 963 [2014]). Issue was joined in February 2016. Following unsuccessful negotiations between the parties concerning a stipulation of facts and the subsequent substitution of counsel for respondent, in March 2017, petitioner moved for an order declaring that no factual issues were raised by the pleadings and fixing a time at which respondent may be heard in mitigation. By order entered in April 2017, this Court partially granted the motion by finding respondent guilty of the professional misconduct as specified in charge I, specifications 1 through 4 (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.15 [a]; 8.4 [h]) and charge III, specification 1 (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rules 5.1 [b] [1]; [d] [2] [ii]). Specifically, we determined, among other things, that respondent violated his fiduciary obligation to safeguard client funds on deposit in his law firm's escrow account by abdicating his responsibility to oversee and supervise the account to his former law partner, who unbeknownst to respondent misappropriated $25,000 from the account (*Matter of Crane, supra*).

Turning to the appropriate sanction to impose for respondent's professional misconduct, this Court is guided by the Court of Appeals' decision in *Matter of Galasso* (19 NY3d 688 [2012]) and the Second Department's decision rendered upon remittitur in that disciplinary matter (*Matter of Galasso*, 105 AD3d 103, 105 [2013]). We have now heard from respondent in mitigation, including his expression of remorse and his submissions from colleagues and clients attesting to his good character. Notably, the individual most directly affected by the subject misappropriation submitted correspondence in which he "strongly recommend[s] leniency" and states that he "would not hesitate to seek [respondent's] legal counsel again in the future." We take note that respondent had no venal intent, he did not take any role in nor did he financially benefit from the defalcations by his former law partner, nor were there any "early warning signs" or "red flags" signaling the existence of any such financial improprieties. Moreover, no actual injury was sustained by any clients, respondent has an otherwise unblemished disciplinary history and the misappropriated funds have now been returned. Accordingly, in order to protect the public, maintain the honor and integrity of the profession and, most importantly, emphasize to others the significance of fulfilling their independent fiduciary duty to safeguard client funds (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), we find that, under the circumstances presented, respondent should be censured.

Garry, J.P., Lynch, Rose, Clark and Aarons, JJ., concur. Ordered that the following charges of professional misconduct set forth in the petition of charges and specifications dated and verified January 6, 2016 and not sustained in the Confidential Decision and Order on Motion decided and entered April 24, 2017 are dismissed: charge I, specification 5 and charge II, specifications 1 and 2; and it is further ordered that respondent is censured.