Matter of Daigle (2018 NY Slip Op 04633)





Matter of Daigle


2018 NY Slip Op 04633


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018


[*1]In the Matter of RONALD LEONARD DAIGLE JR., an Attorney. ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; RONALD LEONARD DAIGLE JR., Respondent. (Attorney Registration No. 4552733)

Calendar Date: April 23, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for petitioner.
Englert, Coffey & McHugh, LLP, Schenectady (Peter V. Coffey of counsel), for respondent.



MEMORANDUM AND ORDER
Respondent was admitted to practice by this Court in 2008. He most recently maintained an office for the practice of law in the Village of Granville, Washington County.
By February 2017 petition of charges, petitioner alleged seven charges of professional misconduct arising from respondent's handling of an estate matter. Following the death of the testator in August 2011, the testator's siblings and primary beneficiaries retained respondent to handle the settling of the estate. The executor of the estate was issued letters testamentary by Washington County Surrogate's Court in November 2011. Although respondent later contacted the executor, a written retainer agreement or letter of engagement was never prepared or signed. Respondent did request that the executor sign a power of attorney, but that instrument was not subsequently submitted for approval to Surrogate's Court, as was required by EPTL 13-2.3 and 22 NYCRR 207.48. The power of attorney granted respondent singular control of the estate, and [*2]respondent thereafter opened an estate banking account, deposited estate funds in an amount of approximately $68,000 and immediately issued a check to himself in the amount of $15,000 as a legal fee. No bill, invoice or request for consent of this fee was ever provided to the executor. Less than three months later, in February 2012, respondent remitted another $8,000 from the estate funds to himself, again without providing notice or obtaining consent from the executor. Subsequently, respondent failed to respond to letters and telephone calls from the executor and estate beneficiaries, prompting one of the beneficiaries to contact Surrogate's Court in late 2015 for help in finding out why the estate had not been settled. Several court conferences were scheduled and, following a disagreement concerning the amount of respondent's legal fee, he agreed to refund $15,000 to the estate.[FN1]
Following joinder of issue, a Referee was appointed to hear and report on all disputed issues, and a hearing was held in December 2017. The Referee's ensuing March 2018 report sustained the first specification of charge I and the entirety of charges II through IV of the petition of charges and rejected the remaining specifications and charges. In so doing, the Referee found that respondent failed to properly enter into a signed and written retainer agreement or letter of engagement with the executor of the estate; neglected a legal matter and failed to act with reasonable diligence regarding the estate; failed to keep the executor reasonably informed about the status of the estate matter; and, most seriously, misappropriated estate funds (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3 [a], [b]; 1.4 [a] [3]; 1.5 [b]; 1.15 [a]; Rules of the Appellate Division [22 NYCRR] part 1215).
Petitioner now moves to confirm the Referee's report and respondent advises that he does not oppose that motion. Upon consideration of the facts, circumstances and record before us, we find that the allegations in the petition of charges sustained by the Referee were established by a fair preponderance of the evidence; accordingly, we confirm the Referee's report in its entirety.
Turning to the issue of the appropriate disciplinary sanction, we have considered respondent's submission in mitigation. We have also reviewed petitioner's submission and observe that respondent's misconduct is aggravated by, among other things, his disciplinary history, which includes a prior admonition and letter of caution (see Rules of App Div, 3d Dept [22 NYCRR] former § 806.4 [c] [1] [iii]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we find that, under the circumstances presented, respondent should be suspended from the practice of law for a period of one year, effective immediately (see Matter of Castillo, 145 AD3d 177 [2016]; Matter of Hogan, 143 AD3d 1044 [2016]; Matter of Halbfish, 78 AD3d 1320 [2010]).
McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ., concur.
ORDERED that petitioner's motion to confirm the Referee's report is granted; and it is further
ORDERED that respondent's professional misconduct as set forth in charge I, specification 1, and charges II through IV of the petition of charges is deemed established, and respondent is hereby determined to have violated Rules of Professional Conduct (22 NYCRR § 1200.0) rules 1.3 (a), (b); 1.4 (a) (3); 1.5 (b); and 1.15 (a) and Rules of the Appellate Division (22 NYCRR) part 1215; and it is further
ORDERED that respondent is suspended from the practice of law for one year, effective July 23, 2018, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: Respondent later explained that he felt that he was entitled to all of the money that he had remitted to himself from the estate, but he agreed to refund the $15,000 because he "was trying to keep everybody happy." Respondent also maintained that the difficulty in reaching him stemmed from health issues that he was experiencing, which led him to eventually begin closing down his legal practice. Nevertheless, respondent admittedly made no effort to inform the executor regarding this situation or provide any legitimate means to contact him.