Matter of Hogan (2019 NY Slip Op 05752)





Matter of Hogan


2019 NY Slip Op 05752


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: July 18, 2019
[*1]
In the Matter of JOHN MICHAEL HOGAN III, a Suspended
 Attorney. 

(Attorney Registration No. 2348951)

Calendar Date: May 28, 2019




Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for Attorney Grievance Committee for the Third Judicial Department.
John Michael Hogan III, Saratoga Springs, respondent
pro se.



MEMORANDUM AND ORDER
Per Curiam.
 Respondent was admitted to practice by this Court in 1990. He last listed a business address in Saratoga County with the Office of Court Administration.
By October 2016 order, this Court suspended respondent from the practice of law for a period of two years upon sustained charges that he had, among other misconduct, failed to properly communicate with a client or forward a client's requested files, knowingly misled petitioner in its investigation of his conduct and neglected multiple client matters (143 AD3d 1044 [2016]). Respondent now seeks his reinstatement by motion marked returnable May 28, 2019. Petitioner opposes the motion by affidavit of counsel with attachments.
In light of the length of his suspension, respondent properly submits a sworn form affidavit applicable to attorneys suspended for longer than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C; see e.g. Matter of Padilla, 167 AD3d 1413 [2018]), which includes proof that respondent successfully completed the Multistate Professional Responsibility Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Nevertheless, respondent's application lacks certain required proof and documentation, such as all copies of any filed income tax returns. Further, respondent concedes that he failed to close his attorney escrow account and disburse all entrusted funds upon his suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [c]; see generally Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 19). Respondent has also failed to articulate any specific factors demonstrating that his reinstatement would be in the public's interest (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]).
Of greatest concern, however, is the uncontested proof in the record that respondent remains in significant arrears in overdue child support payments, with several unpaid judgments in amounts totaling over $56,000. Under these circumstances, we find that respondent's application for reinstatement must be denied (see Matter of Courtney, ___ AD3d ___, 100 [*2]NYS3d 582 [2019]; see generally Judiciary Law § 90 [2-a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.25). We further condition any future application by respondent for reinstatement upon proof that his child support obligations have been satisfied.
Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that respondent's motion for reinstatement is denied.