Matter of Braccini (2023 NY Slip Op 04475)

Matter of Braccini

2023 NY Slip Op 04475

Decided on August 31, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 31, 2023

PM-197-23
[*1]In the Matter of Albert Michael Braccini, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner, Albert Michael Braccini, Respondent. (Attorney Registration No. 2518637.)

Calendar Date:July 31, 2023

Before:Egan Jr., J.P., Pritzker, Ceresia, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.
Corrigan, McCoy & Bush, PLLC, Rensselaer (Scott W. Bush of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1993 and currently lists a business address with the Office of Court Administration with the New York State Department of Education. He previously engaged in the private practice of law in the City of Schenectady, Schenectady County. Alleging, inter alia, that respondent had neglected a client's matrimonial matter to the point of its dismissal and had thereafter provided the client with a fraudulent judgment of divorce with a forged judicial signature, petitioner seeks a determination that respondent has engaged in professional misconduct and our imposition of public discipline. The petition of charges was initially made returnable May 16, 2022 but, after petitioner filed an amended petition, the return date was adjourned upon respondent's request to May 31, 2022. Issue has since been joined and the parties have filed Statements of Disputed/Undisputed Fact. By November 10, 2022 order, we granted petitioner's request for the appointment of a referee to hear and report. The hearing was concluded on March 3, 2023 and, in a report filed with the Court on May 24, 2023, the Referee has recommended that each charge of the petition be sustained. By motion returnable July 24, 2023, petitioner has moved to confirm the report of the Referee in its entirety and respondent has cross-moved to disaffirm the report as to charges one, three, five and six.[FN1] Petitioner has submitted an affirmation in response to the cross-motion and the parties have been heard at oral argument.
Respondent's alleged misconduct largely concerns his representation of a matrimonial client who had retained respondent in June 2010 to represent him in an uncontested matrimonial action in Schenectady County. Following the client's payment of $1,500, respondent commenced a divorce proceeding on the client's behalf, filing various documents with Supreme Court and purchasing both an index number and request for judicial intervention. Petitioner has alleged that the Supreme Court Justice assigned to the matter had sent respondent multiple letters, directing him to submit additional information in the matter, but respondent failed to respond, thus the matter was deemed abandoned and was ultimately dismissed. Accordingly, petitioner has alleged that respondent neglected the client's matter and further failed to carry out his employment contract with the client (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.3 [b], [c]). From September 2010 through May 2012, respondent allegedly failed to respond to the client's inquiries regarding the status of the divorce and to advise the client that the matter had been dismissed (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.4 [a] [1] [iii]; [3], [4]). It was further alleged that, in May 2012, respondent directed the client to appear at his office, where the client was presented with an envelope containing a judgment of divorce. The client later learned that the judgment was fraudulent [*2]and included the forged signature of a Supreme Court Justice who had not been assigned to the matter. As such, petitioner alleges that respondent provided the client with a fraudulent and forged document (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [b], [c], [d]), and further misled and deceived the client as to the dismissal of his matrimonial action, and as to the status of his marriage and the authenticity of the judgment (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [c], [d]).
In seeking to disaffirm the Referee's findings of facts as to the remaining charges, respondent does not dispute that the divorce judgment was fraudulent, but he does dispute that he generated the judgment and that he failed to inform the client of the dismissal of the matter, stating that he was unaware of the matter's dismissal and, thus, could not mislead or deceive the client as to the matter's disposition. Moreover, he argues that he did not fail to respond to the client's inquiries regarding the matter, as he was waiting on the court to finalize the uncontested divorce. Respondent's objections to the Referee's findings, in sum and substance, challenge the credibility assessments of the Referee. The credibility determinations of the Referee, who is best situated to assess the demeanor of the witnesses, are entitled to deference so long as they are sufficiently supported by the record (see Matter of Becker, 180 AD3d 1322, 1324 [3d Dept 2020]; Matter of Cohn, 194 AD2d 987, 990 [3d Dept 1993]). A referee may utilize a myriad of factors in assessing the credibility of witnesses, including whether the testimony makes sense and contradictions or inconsistencies in testimony (see e.g. Matter of Hennessey, 155 AD3d 1425, 1426-1427 [3d Dept 2017]).
Respondent largely relies on his testimony, combined with other statements made throughout the pendency of petitioner's investigation, as well as purported acts by a former employee to demonstrate that he had no involvement in the creation of the fraudulent judgment. However, a review of the record reveals that respondent, upon commencing the matter, took no steps to seek updates from Supreme Court, either on his own initiative or following the client's inquiries. Instead, the record reveals that respondent relied on his former employee to advise him of the matter's status and did not independently verify the status upon the former employee's presentation of the faulty judgment to the client. Altogether, we find that respondent's conduct adversely reflects on his fitness as an attorney and constitutes professional misconduct, thus we affirm the findings and determinations in the Referee's report as to charges one, three, five and six (see Matter of Becker, 180 AD3d at 1325).
We have considered the factors in mitigation presented by respondent, including his cooperation with petitioner's investigation (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [d]), his community involvement [*3]and positive character attestations at the hearing before the Referee (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [g]). While not cited by respondent, we note that respondent is now employed in public service and that he avers to no longer being engaged in private practice. In aggravation, however, we note respondent's disciplinary history, which includes discipline for similar conduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [a]), his more than 15 years of experience in the law at the time he commenced representation of the client (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [i]), and his illegal conduct in forging a legal document (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [k]; Penal Law § 170.10). Having considered the relevant factors presented, including past precedent for similar conduct, in order "to protect the public, maintain the honor and integrity of the profession, or deter others from committing similar misconduct" (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), we find that disbarment is the appropriate sanction for respondent's conduct (see Matter of Rabin, 173 AD3d 1425, 1426 [3d Dept 2019]; Matter of Goldstein, 123 AD3d 234, 236-238 [2d Dept 2014]; Matter of Ehrlich, 72 AD3d 1391, 1392-1393 [3d Dept 2010]).
Egan Jr., J.P., Pritzker, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that petitioner's motion to confirm the Referee's report is granted and it is further
ORDERED that respondent's cross-motion is denied; and it is further
ORDERED that respondent's professional misconduct as set forth in the amended petition of charges verified May 5, 2022 is deemed established in accordance with the findings set forth herein, and respondent is hereby determined to have violated Rules of Professional Conduct (22 NYCRR 1200.00) rules 1.3 (b), (c); 1.4 (a) (1) (iii); (3), (4); 1.15 (b) (1); (c) (3); 8.4 (b), (c), (d), and Rules of the Appellate Division, All Departments (22 NYCRR) § 1400.3; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further 
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance[*4](see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: Respondent's motion to disaffirm admits to the findings of fact as to charges two and four, thus those charges are deemed sustained.