Matter of Rubino (2023 NY Slip Op 04596)

Matter of Rubino

2023 NY Slip Op 04596

Decided on September 13, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
BETSY BARROS
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.

2019-09550 

[*1]In the Matter of Jennielena Rubino, admitted as JenniElena Rubino, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Jennielena Rubino, respondent. (Attorney Registration No. 4461919)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The Grievance Committee commenced this disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by the service and filing of a notice of petition dated July 30, 2019, and a verified petition dated July 2019. The respondent served and filed a verified answer dated August 19, 2019. By decision and order on application dated November 6, 2019, this Court referred the matter to the Honorable Alfred J. Weiner, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 14, 2007, under the name JenniElena Rubino.

Courtny Osterling, White Plains, NY (Thomas J. Murphy of counsel), for petitioner.
Scalise & Hamilton, P.C., Scarsdale, NY (Deborah A. Scalise and Mischel & Horn, P.C. [Richard E. Mischel], of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Ninth Judicial District served the respondent with a verified petition dated July 2019 containing four charges of professional misconduct. The respondent served and filed a verified answer dated August 19, 2019, wherein she substantially admitted the factual allegations contained in the petition and added commentary in mitigation. The respondent admitted aiding a nonlawyer in the unauthorized practice of law in violation of rule 5.5(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as alleged in charge one of the petition, but denied having violated rule 8.4(c), (d), or (h) of the Rules of Professional Conduct, as alleged in charges two through four of the petition. Subsequently, the parties submitted a joint statement of disputed and undisputed facts dated October 9, 2019. By decision and order on application dated November 6, 2019, this Court referred the matter to the Honorable Alfred J. Weiner, as Special Referee, to hear and report. After a hearing on September 22, 2021, and September 24, 2021, the Special Referee submitted a report dated April 13, 2022, in which he sustained charge one and did not sustain charges two through four. The Grievance Committee now moves to confirm so much of the Special Referee's report as sustained charge one of the petition, to disaffirm so much of the report as failed to sustain charges two through four of the petition, and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to disaffirm so much of the Special Referee's report as sustained charge one and to confirm so much of the report as did not sustain charges two through four. By affirmation [*2]dated July 18, 2022, the Grievance Committee opposes the respondent's cross-motion. In view of the evidence adduced at the hearing, we find that the Special Referee properly sustained charge one and that charge is sustained. However, we find that the Special Referee improperly failed to sustain charges two through four, and those charges are sustained.
The Petition 
The petition contains charges of professional misconduct arising out of the respondent's aid of her husband, Jean Paul Le Du, in the unauthorized practice of law. Le Du is not admitted to practice law in the State of New York and was admitted to the New Jersey Bar in June 2017.
Charge one alleges that the respondent engaged in a pattern and practice of aiding a nonlawyer in the unauthorized practice of law, as follows:
The respondent is the founder and principal of The Rubino Law Firm (hereinafter the firm), located in Yonkers, New York, which maintained a website that listed a Yonkers, New York, business address. Although Le Du was not admitted to the practice of law in the State of New York, he was listed on the firm's website as the managing attorney. The respondent provided Le Du with business cards that stated that he was an attorney with the firm, located in Yonkers, New York, and listed his email address at the firm, as well as the firm's website and telephone and fax numbers. The business cards also indicated that Le Du may be reached at the firm's telephone or fax numbers listed on the business card. Khosrova v Hampton Bays Union Free School District 
 In December 2017, an action entitled Khosrova v Hampton Bays Union Free School District was pending in the Supreme Court, Suffolk County, and Peter Paretsky, the plaintiff's attorney in the action, retained the firm as trial counsel. On February 7, 2018, jury selection began in the action under the supervision of the Honorable Martha Luft. On that day, the respondent and Le Du were present in the courtroom, Le Du conducted the voir dire, and some members of the jury pool were selected as jurors. The following day, the respondent and Le Du were again present in the courtroom, and Le Du again conducted the voir dire, with additional jurors being selected. On the third day of jury selection, February 9, 2018, the respondent was not present, although Le Du was and met with Sharon Khosrova, the client in the action, in the courthouse. Khosrova asked Le Du if Le Du was admitted to practice law in the State of New York, and Le Du did not definitively answer the question. Le Du had previously provided Khosrova with a business card that identified him as an attorney with a business address in Yonkers, New York.
On the same day, Khosrova informed Paretsky that Le Du was not admitted to practice law in New York, and Paretsky informed Judge Luft of the same. Judge Luft then disbanded the jury and directed all parties to return on February 13, 2018, to address the issues regarding Le Du's admission status. On February 13, 2018, the respondent and Le Du participated in a court conference before Judge Luft, and the respondent told Judge Luft, inter alia, that (1) Le Du was "going through character and fitness [in New York]"; (2) Le Du would be taking the ethics portion of the Bar Examination in March 2018 and until the results of that examination were available, his "character and fitness is on hold in New York"; (3) the respondent had intended to file a motion for Le Du's admission, pro hac vice, once the matter had been assigned to a trial judge; and (4) the respondent, at the time that her law firm had been retained as trial counsel in the Khosrova action, had informed Paretsky that Le Du was not admitted to practice law in New York.
During this conference, Paretsky denied knowing that Le Du was not licensed to practice law in the State of New York.
As of February 2018, Le Du had not applied for admission to the New York Bar and did not have any such application pending with the Committees on Character and Fitness. At all times during the jury selection process in the Khosrova action, the respondent knew that Le Du was not licensed to practice law in the State of New York, and at no time during the jury selection process did the respondent inform the Supreme Court of this fact. Smith v Lipsky 
In February 2018, the firm represented the plaintiff in a personal injury action entitled Smith v Lipsky , which was pending in the Supreme Court, Orange County. During the course of a jury trial in the action, Le Du cross-examined an expert witness and delivered the closing argument for the plaintiff. At no time during the pendency of the action did the respondent inform the court or opposing counsel that Le Du was not admitted to practice law in the State of New York, nor did she file a motion seeking pro hac vice admission for Le Du during this time. Instead, in November [*3]2018, nine months after the jury verdict was rendered, the respondent filed a pro hac vice motion, seeking Le Du's admission nunc pro tunc. This motion was denied in November 2018. Matter of Haskin v Taconic Hills Central School District and Matter of Pulis v Eldred Central School District 
In November 2017, the firm represented the claimants in cases entitled Matter of Haskin v Taconic Hills Central School District and Matter of Pulis v Eldred Central School District , which were pending in Columbia County, New York, and Sullivan County, New York, respectively. In November 2017 and September 2018, respectively, a General Municipal Law § 50-h hearing was held in each case. The respondent did not attend either hearing, and Le Du represented the claimant at each hearing. Le Du's appearance at the Haskin hearing was recorded as "Rubino Law Firm, P.C., Attorneys for Claimants, [the firm's New York address and telephone number] BY: JEAN-PAUL LE DU, ESQ.," and his appearance at the Pulis hearing was recorded as "Rubino Law Firm, P.C., Attorneys for Claimants, [the firm's New York address] BY: JEAN-PAUL LE DU, ESQ., jeanpaul&commat;rubinolawfirm.com." The respondent was aware that Le Du would be participating in each hearing as an attorney for the claimant. In August 2018, the respondent filed a motion for Le Du's admission, pro hac vice, in the Haskin case, which motion was granted the following month. No motion for Le Du's admission, pro hac vice, had been filed in the Pulis case by the date of the petition. Dunkin-Matthews v De Pino Construction Material Transportation, Inc. 
The respondent, on behalf of her client, Josephine Dunkin-Matthews, commenced an action entitled Dunkin-Matthews v De Pino Construction Material Transportation, Inc. in the Supreme Court, Bronx County. On February 21, 2017, Le Du examined a defendant in the action at an examination before trial (hereinafter EBT), with the respondent present. Le Du's appearance was recorded as "The Rubino Law Firm, Attorneys for the Plaintiff, [the firm's New York address] BY: [the respondent] and Jean Paul Le Du, Esq." On the date of the EBT, Le Du was not admitted to the practice of law in any jurisdiction.
On July 13, 2017, Le Du completed a Compliance Conference Worksheet in connection with this action, which listed Le Du, of the Rubino Law Firm, as the attorney for the plaintiff. The respondent did not file a motion for Le Du's admission, pro hac vice, until November 2018, which motion was denied in April 2019.
Based on the above, charges two through four allege that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, conduct which is prejudicial to the administration of justice, and conduct that adversely reflects on her fitness as a lawyer, in violation of rule 8.4(c), (d), and (h) of the Rules of Professional Conduct, respectively.
The Hearing Record 
The firm's website and Le Du's business cards did not indicate that he was not admitted to the Bar in New York State. Neither the respondent nor Le Du had an office or address in New Jersey for the law firm.
During the respondent's examination under oath on May 2, 2019, she explained that, when Le Du failed to receive a passing score on the Multistate Professional Responsibility Examination for New York State Bar admission after his second attempt in November 2017, she researched pro hac vice admission in New York State. She found 22 NYCRR part 523 (Rules of the Court of Appeals for the Temporary Practice of Law in New York). The respondent testified that she understood the meaning of these rules and related treatise commentary as "relax[ing] the laws on pro hac vice admissions," which would allow Le Du to practice under her supervision, without moving for his pro hac vice admission. The respondent later admitted that she had misapprehended the meaning of 22 NYCRR part 523, as the rules prohibit a lawyer who is not admitted in New York State from establishing a "systematic and continuous presence in this State for the practice of law," or holding out to the public or otherwise representing "that the lawyer is admitted to practice law in this State" (id. § 523.1[a], [b]). As reflected in the record, by the time of this disciplinary proceeding, the respondent had allowed Le Du to participate as an attorney in approximately 30 of her cases.
Notwithstanding her explanation that she aided Le Du in the unauthorized practice of law due to her misapprehension of 22 NYCRR part 523, the respondent's testimony at her examination under oath reveals that on two occasions, in addition to the Dunkin-Matthews action, [*4]she knowingly permitted Le Du to appear as counsel, by signing preliminary conference orders as an attorney, before he was an admitted attorney in any jurisdiction, prior to her research regarding 22 NYCRR part 523, and without receiving permission from the respective courts to do so.
Findings and Conclusion 
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained charge one, but improperly failed to sustain charges two through four, and those charges are sustained. Accordingly, the Grievance Committee's motion is granted in its entirety, and the respondent's cross-motion is denied in its entirety.
In determining an appropriate measure of discipline, we have considered the respondent's personal issues during the beginning of the Khosrova trial, as well as her ongoing health challenges from chronic Lyme disease, as these factors contributed to her feeling overwhelmed and exhausted, but also led her to rely on her husband to handle her legal cases. We have also considered in mitigation the substantial evidence presented of the respondent's good character and her pro bono work with autistic and other special-needs children, as well as with students who have been bullied. The respondent received a Letter of Advisement in July 2019.
Under the totality of the circumstances, we find that the respondent's conduct warrants her suspension from the practice of law for a period of two years.
LASALLE, P.J., DILLON, BARROS, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm so much of the Special Referee's report as sustained charge one and to disaffirm so much of the report as failed to sustain charges two through four is granted; and it is further,
ORDERED that the respondent's cross-motion to disaffirm so much of the Special Referee's report as sustained charge one and to confirm so much of the report as did not sustain charges two through four is denied; and it is further,
ORDERED that the respondent, Jennielena Rubino, admitted as JenniElena Rubino, is suspended from the practice of law for a period of two years, commencing October 13, 2023, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 13, 2025. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that, during the period of suspension, she (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted herself; and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jennielena Rubino, admitted as JenniElena Rubino, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Jennielena Rubino, admitted as JenniElena Rubino, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court