Matter of Gruner (2024 NY Slip Op 01860)

Matter of Gruner

2024 NY Slip Op 01860

Decided on April 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

PM-56-24
[*1]In the Matter of Paul L. Gruner, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Paul L. Gruner, Respondent. (Attorney Registration No. 1009091)

Calendar Date:March 26, 2024

Before:Garry, P.J., Clark, Aarons, Pritzker and Ceresia, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Corrigan, McCoy & Bush, PLLC, Albany (Scott W. Bush of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1974 and most recently maintained a law office in the City of Kingston, Ulster County. Based upon its investigation of respondent and an audit of his attorney escrow account, petitioner has commenced this proceeding, by notice of petition, alleging respondent's violation of six Rules of Professional Conduct in conjunction with, inter alia, respondent's conduct concerning the escrow account. Respondent joined issue by verified answer and the parties filed their respective statements of disputed and undisputed facts. Thereafter, petitioner moved for summary judgment declaring that no issues of material fact were presented by the parties' pleadings and determining that respondent has engaged in the professional misconduct alleged in the petition. Respondent opposed the motion by affidavit with exhibits. We granted petitioner's motion, in part, by August 24, 2023 confidential order, deeming certain charges of the petition to be established and, upon our own motion, referred the remaining charges for hearing and report by a Referee. Specifically, the order found that respondent's conduct violated Rules of Professional Conduct (22 NYCRR 1200.00), rules 1.3 (b); 1.5 (a); 1.15 (c) (3)-(4); (d) (2) and 8.4 (h). Following a hearing, the Referee recommended that the remaining charges be sustained. Petitioner now moves to confirm the Referee's report in its entirety and to impose discipline upon respondent. Respondent has cross-moved to disaffirm the report and petitioner opposes the cross-motion by affirmation of counsel. The parties were heard in oral argument on the parties' respective cross-motions and on the issues of mitigation, aggravation and discipline to be imposed for those charges previously sustained, as well as those charges now before us upon the advisory determination of the Referee.
Our review of the advisory determination of a referee in a formal attorney disciplinary proceeding is thoroughly de novo (see Judiciary Law § 90 [2]; Rules of App Div, 3d Dept [22 NYCRR] § 806.8 [c] [4]), albeit with appropriate deference to credibility determinations borne of the referee's ability to directly observe witness testimony (see Matter of Braccini, 219 AD3d 1110, 1111 [3d Dept 2023]). Thus, we are free to substitute our findings for those of the Referee "where the occasion calls for it" (Matter of Kahn, 38 AD2d 115, 123 [1st Dept 1972], affd 31 NY2d 752 [1972]; see e.g. Matter of Rubino, 219 AD3d 29, 35 [2nd Dept 2023]; Matter of Becker, 180 AD3d 1322, 1324 [3d Dept 2020]), and may determine that the attorney in question has engaged in the alleged misconduct wherever the record before us establishes a rule violation by the preponderance of the evidence (see Matter of Capoccia, 59 NY2d 549, 552-553 [1983]; Matter of Galvin, 87 AD3d 1223, 1223 [3d Dept 2011]).
As relevant here, the Rules of Professional Conduct state that "[a] lawyer shall not neglect a legal matter entrusted to the lawyer" (Rules of [*2]Professional Conduct [22 NYCRR 1200.0] rule 1.3 [b]). The Rules further state that a lawyer shall "maintain complete records of all funds, securities, and other properties of a client or third person coming into the possession of the lawyer and render appropriate accounts to the client or third person regarding them; and . . . promptly pay or deliver to the client or third person as requested by the client or third person the funds, securities, or other properties in the possession of the lawyer that the client or third person is entitled to receive" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [c] [3]-[4]).
The documentary evidence and testimony elicited at the hearing before the Referee reveal that respondent violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3 (b) and 1.15 (c) (3)-(4) by failing to timely disburse restitution in connection with his representation of a client in a criminal matter and failing to timely disburse monies belonging to clients in a real estate transaction. As the Referee found, there is little disagreement as to the substantive facts regarding these two matters. We note that although respondent took belated steps to remedy these two situations, he failed to "promptly" deliver the client funds that he retained within a reasonable time and further failed to properly maintain complete records or account to the clients or third parties (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [c] [3]-[4]). We also find that petitioner established, by a preponderance of the evidence, that respondent neglected these two matters based on his failure to address the escrow monies until several years after the matters concluded. Accordingly, we confirm the finding and determinations in the Referee's report as to charges three and five of the petition before us (see Matter of Daigle, 162 AD3d 1390, 1392 [3d Dept 2018]; Matter of Meagher, 156 AD3d 1218, 1221 [3d Dept 2017]; Matter of Hogan, 143 AD3d 1044, 1045 [3d Dept 2016]).
As to the sixth charge of the instant petition in connection with respondent's representation of a client in a settlement matter, we disaffirm that part of the Referee's report recommending that the charge be sustained. Briefly, respondent's client in this matter was required to satisfy a condition precedent before respondent was to release the funds held in escrow to his client; however, his client failed to satisfy the condition precedent. Respondent made sufficient efforts to notify his client of the consequences of failing to satisfy the condition and appropriately advised him of his obligations. Accordingly, we find that respondent did not neglect this matter (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.5 [c]). We further find that respondent appropriately maintained records and alerted his client concerning the withheld funds (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [c] [3]). Inasmuch as respondent's client was not entitled to the [*3]monies in question until a condition precedent had been satisfied, respondent did not violate Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (c) (4) in failing to deliver such monies to his client. We finally note that such monies were appropriately delivered to a third party once that party's entitlement to the monies had been established by interpleader action commenced by respondent (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [c] [4]).
As such, together with those violations established by this Court's August 2023 confidential order, we find respondent ultimately guilty of six rule violations including neglecting a legal matter entrusted to the lawyer (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.3 [b]), issuing an escrow account check against insufficient funds (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [a]), failing to render an appropriate accounting to the client or third person regarding funds in the lawyer's possession (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [c] [3]), failing to promptly pay or deliver to the client or third person funds in the possession of the lawyer that the client or third person is entitled to receive (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [c] [4]), failing to make accurate and contemporaneous entries of all financial transactions in an attorney's escrow account records (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [d] [2]) and breaching fiduciary duties associated with an escrow account which adversely reflects on the lawyer's fitness as a lawyer (Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [h]).
Turning to the issue of the appropriate discipline to be imposed for the aforementioned misconduct, we note that that "the primary concern of attorney discipline is the protection of the public" (Matter of Watrous, 75 AD3d 899, 900 [3d Dept 2010]; see Matter of Braccini, 219 AD3d at 1112). We have reviewed the parties' submissions and note that there are several mitigating circumstances for our consideration including the absence of a dishonest or selfish motive and respondent's cooperation with petitioner in its investigation (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [b], [e]). We also note respondent's long-standing career in public service as well as his self-certification that he is now fully retired from the practice of law and therefore "does not intend ever to engage in acts that constitute the practice of law" in the future (Rules of Chief Admr of Cts [22 NYCRR] § 118.1 [g]). Taking all these competing factors into account, we find that petitioner's contention that public discipline would be appropriate in this matter is persuasive. Accordingly, we censure respondent (see Matter of Rockmacher 180 AD3d 1318, 1320 [3d Dept 2020]; Matter of Parente, 152 AD3d 958, 959 [3d Dept 2017]).
Garry, P.J., Clark, Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that the parties' cross[*4]-motions concerning the Referee's report are granted in part and denied in part to the extent set forth in the above decision; and it is further
ORDERED that respondent is hereby found to have violated Rules of Professional Conduct (22 NYCRR 1200.00), rules 1.3 (b); 1.5 (a) and 1.15 (c) (3)-(4), as specified in the third and fifth charges specified in the petition of charges; and it is further
ORDERED that the sixth charge as specified in the petition of charges is dismissed; and it is further
ORDERED that respondent is censured.